Hillsborough, }
  June, 1900. }

STATE *v.* PERKINS.

The question whether jurors are indifferent is one of fact for the trial term, and is not reviewable when determined upon sufficient evidence.

In the trial of an indictment for felonious assault, a juror is not disqualified as matter of law by reason of service in a similar prosecution against another respondent.

A record of birth in which the surname is spelled " Menter " may be admitted in evidence to prove the age of a person whose name is set out in an indictment as " Manter " ; and the question whether the names are *idem sonans* is one of fact for the jury.

A supper ticket which is shown to truly state the date of the occasion for which it was issued is competent evidence to fix the date of an offence committed on a certain day prior thereto.

In a criminal prosecution, the respondent may be found guilty upon evidence that the offence was committed on any day prior to the finding of the indictment and within the time prescribed by the statute of limitations.

INDICTMENT, for felonious assault upon a woman child under the age of sixteen years. Trial by jury. Verdict, guilty. The respondent objected to all jurors who sat in a similar cause against one Stone, which was tried just previous to this. Upon inquiry, the jurors were found to stand indifferent, and the objection was overruled, subject to exception.

This finding was made upon the following evidence : Each juror testified that he never heard of the charge he was called to try; that he was not related to the respondent or the prosecutrix ; that he had no opinion, prejudice, or bias in the matter; and that he could and would give the respondent a fair trial. Upon being further inquired of (at the request of counsel for the respondent) if they had ever in any way heard of the respondent's doings with young girls, one juror said that a man named Perkins was named by the prosecutrix in the Stone case as the person from whom she contracted a sexual disease, but that he had no information or belief as to whether the person so referred to was this respondent.

To prove the age of the child, the state introduced the record of her birth, in which the name was spelled " Menter," while in the indictment it is spelled " Manter." The girl testified that her name should be spelled " Menter." The respondent excepted to the introduction of the record, upon the ground that the name was not that set out in the indictment.

It appeared that the assault took place on Friday before a deer supper. To show the date, the state, subject to exception, put in

evidence one of the tickets to that supper, together with evidence that the ticket truly stated the date.

Subject to exception, the jury were instructed that if they found it was proved that the assault was committed by the respondent on the day alleged in the indictment, or on any other day before the finding of the indictment and within two years, he was guilty of the offence charged.

*James P. Tuttle,* solicitor, for the state.

*Doyle & Lucier* and *Wason & Jackson,* for the defendant.

WALLACE, J. Whether the jurors were indifferent was a question of fact to be determined at the trial term. *State* v. *Pike,* 49 N. H. 399, 406 ; *State* v. *Jones,* 50 N. H. 369, 381 ; *State* v. *Sawtelle,* 66 N. H. 488. The court having found they were indifferent, upon evidence which warranted that conclusion, the finding will not be revised. The fact that some of the jurors had sat in a similar case against another person was no disqualification.

The record of the birth of a child whose name was spelled "Menter" was properly admitted to show the age of the child upon whom the assault was alleged to have been committed, and whose name was set out in the indictment as "Manter." Absolute accuracy in spelling names is not necessary in legal proceedings. Difference in the mode of spelling names does not necessarily show a variance. It is a question of fact whether the name proved and the one alleged are *idem sonans.* It was for the jury to determine, from the evidence of the record, and the testimony of the child that her name should be spelled "Menter," whether she was the person referred to in the record, and also whether the name in the record had the same sound as that alleged in the indictment. *Tibbets* v. *Kiah,* 2 N. H. 557 ; *Melvin* v. *Marshall,* 22 N. H. 379 ; *Commonwealth* v. *Gill,* 14 Gray 400 ; *Commonwealth* v. *Donovan,* 13 Allen 571 ; *Commonwealth* v. *Jennings,* 121 Mass. 47 ; *Commonwealth* v. *Warren,* 143 Mass. 568.

The date upon the ticket to the deer supper, taken in connection with the evidence that it truly stated the date of the supper and that the assault was on the Friday before that day, would aid the jury in determining the date of the assault, and was competent evidence on that question.

The instruction to the jury, that if they found the respondent committed the assault on any day before the finding of the indictment and within two years he was guilty of the offence charged, was sufficiently favorable to him. It is not necessary to prove the precise day on which the crime was committed in a case like this,

where time is not an essential and material element. It is sufficient to show that the offence was committed before the indictment was found and within the period of limitation, when any time is limited. *State* v. *Rundlett*, 33 N. H. 70; *State* v. *Havey*, 58 N. H. 377; 1 Bish. Cr. Pr., s. 400; Heard Cr. Pl., s. 91.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.