Strafford
No. 83-068

### The State of New Hampshire

v.

### Richard L. Boire

March 28, 1984

*Gregory H. Smith*, attorney general (*Edna M. Conway*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

PER CURIAM. The defendant was indicted under RSA 632-A:2, XI (Supp. 1983), for aggravated felonious sexual assault upon a resident of the Dover Children's Home. The indictment charged that the defendant committed the offense on September 25, 1981. The defendant moved for a bill of particulars with respect to date, time, and place. The defendant based his request on the possibility of an alibi defense.

The county attorney did not question the defendant's entitlement to a bill of particulars. Instead, he responded to the motion by representing that September 25 was the date of the offense. The trial court noted that the motion for the bill of particulars had been withdrawn in reliance upon that representation. Later, the county attorney's administrative assistant confirmed in writing that according to the State's records the assault occurred at the defendant's house on September 25 between certain evening hours.

At the close of the State's evidence, the defendant moved for dismissal for failure to present evidence from which the jury could find beyond a reasonable doubt that the act alleged occurred on the evening of September 25. The Trial Court (*Nadeau*, J.) denied the motion, and he also denied the defendant's later motion to set aside the verdict on that same ground, among others. We must sustain the defendant's exceptions to the denial of these motions.

 Our reasoning begins with a consideration of the general rule that "the State is not necessarily bound by a date specified in an indictment when time is not an element of the crime charged and proof that the event happened on the precise day named in the indictment is not required." *State v. Spade*, 118 N.H. 186, 189, 385 A.2d 115, 117 (1978). The statute now before us does not define the offense so as to make proof of exact date essential. In such a case, the State may not be required over objection to furnish a bill of particulars specifying an exact date and time for the commission of the offense, unless this can be shown to be necessary for the preparation of a defense or to preclude a later unconstitutional prosecution. *State v. Littlefield*, 219 A.2d 755 (Me. 1966); 2 C. TORCIA, WHARTON'S CRIMINAL PROCEDURE § 355 (12th ed. 1975).

Whether the bill of particulars could have been required over objection in this case is not, however, before us. The county attorney did not contest the defendant's right to it, once he had raised the possibility of an alibi defense. Instead, the county attorney responded with a representation that was a bill of particulars as to place, date, and time. With one exception not relevant here, this representation was understood and treated as a bill of particulars by the county attorney, by defense counsel, and by the trial judge.

 Though subject to amendment, the terms of a bill of particulars are exact allegations that must be proved as elements of the offense charged. A bill of particulars limits proof to what it specifies, and requires proof of what it specifies. *State v. Bonney*, 351 A.2d 107 (Me. 1976); *State v. Littlefield supra*; *Commonwealth v. American News Co., Inc.*, 333 Mass. 74, 127 N.E.2d 661 (1955); 2 C. TORCIA *supra*.

Since the State in effect did furnish the bill of particulars, it therefore became obligated to prove beyond a reasonable doubt that the offense alleged occurred on the date specified by the county attorney, September 25, 1981. In support of his motions to dismiss and to set aside the verdict, the defendant claimed that the State had not met this burden.

His exceptions to the denial of these motions require us to determine whether on all the evidence, and all reasonable inferences from it, considered in the light most favorable to the State, any rational trier of fact could have concluded beyond a reasonable doubt that the offense occurred on September 25. *State v. Reardon,* 121 N.H. 604, 431 A.2d 796 (1981). We conclude that no rational trier of fact could have so found.

The evidence bearing on proof of the date indicated that the defendant and his wife often entertained children from the home by bringing them to stay overnight at their own house to enjoy recreational activities with their own children. In September 1981, the named victim spent the night at the defendant's house before attending the Rochester Fair the next day. The crime is alleged to have occurred that night.

The victim did not testify about the date of his visit to the defendant's house. The only witnesses who did testify directly as to the date of the visit in question were the defendant, his wife, and the victim's house parent at the Children's Home, Todd Henry.

They agreed on some facts. They agreed that Henry had given permission for the victim to go camping with the defendant and his family in early September of 1981. They agreed that on the Friday the victim was supposed to leave, Henry had withdrawn that permission as a penalty to the victim for fighting with another boy. They agreed that the victim visited the defendant's house only once thereafter, two weeks later, having been invited by the defendant to attend the Rochester Fair the next day. Since the State claimed that the assault had occurred during this visit, proof that this visit occurred on September 25 was crucial to the State's case.

The witnesses disagreed about the date of the visit. The defendant and his wife testified that the camping trip had been set for the weekend beginning September 4, the day on which Henry had cancelled permission. They testified the victim stayed at their house the Friday night two weeks after that, September 18–19. The defendant testified he had taken the victim to witness a trial in the Epping Municipal Court on the morning of September 19, and presented some evidence suggesting he had been there. He said they had gone to the Rochester Fair that afternoon. The defendant testified he had

next seen the victim for a short conversation at the Children's Home the following Friday, September 25, after a late closing at the Registry of Deeds in Exeter. He presented some evidence confirming that he had had business at the registry that afternoon. The victim was not recalled to the stand to contradict the defendant's testimony about the dates of the visit to the defendant's house, of the trip to municipal court and the fair, or of the defendant's brief call a week later.

The defendant's wife further testified that they had gone to the Rochester Fair on September 26, not with the victim, but with their own children and a family from out of town. Mrs. Boire stated that on that day a contractor had treated the pavement of their driveway with a sealing compound. The parents of the family from out of town corroborated this evidence and testified that no children had been present at the Boire house except their own and the Boires'. A contractor testified from his business records that he had sealed the Boires' driveway on September 26.

Todd Henry furnished the only evidence that the victim visited the defendant's house on September 25. While Mr. Henry testified that the Children's Home kept no written record in the form of a log indicating when the victim might have had permission for an overnight visit, he did mention two sources of verification for the date he gave. One source proved to be inconclusive; the other indicated he was wrong.

He testified that he knew September 25 was the exact date of the visit because some children at the Home had said the Rochester Fair was held that weekend. Yet counsel later stipulated that the fair ran from September 17th through the 27th, thus eliminating a reference to the fair as a means to determine the weekend of the visit.

Mr. Henry invoked a second source of verification when he testified that on the day of the fight, two weeks before the overnight visit, he had taken the victim to the Wentworth-Douglass Hospital for stitches in his lower lip. He said he knew of no other time when the victim had received such treatment. The emergency room record of the hospital, however, indicated the victim had been treated on September 4, not on September 11 as Henry had testified. September 4 was the date the defendant and his wife gave for the cancelled permission to go camping, and it was two weeks before the date they testified the victim had spent the night at their house, September 18.

On the matter of the date, Henry's testimony must therefore be taken as discredited. Without his testimony, there was no evidence that the visit occurred on September 25, and hence no evi-

dence that an offense at the defendant's house could have occurred on that date. On this record, no rational trier of fact could have found beyond a reasonable doubt that the defendant assaulted the victim at the defendant's house on September 25.

█ Because of the legal insufficiency of the evidence to prove an element of the offense charged, as specified by a bill of particulars, the verdict must be vacated and the indictment dismissed. Since our determination on this issue is dispositive of the case, we do not consider the defendant's other claims of error.

*Reversed.*

BROCK, J., did not sit.