Merrimack
No. 86-432

THE STATE OF NEW HAMPSHIRE

v.

JAMES LACASSE

August 11, 1987

*Stephen E. Merrill,* attorney general (*William H. Lyons,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant, James LaCasse, was indicted on two counts of aggravated felonious sexual assault, in violation of RSA 632-A:2. The jury found the defendant guilty on one count of aggravated felonious sexual assault and, on the second count, found the defendant guilty of the lesser-included offense of felonious sexual assault, in violation of RSA 632-A:3. The Trial Court (*DiClerico,* J.) sentenced the defendant to serve seven to fifteen years in the New Hampshire State Prison on the aggravated felonious sexual assault charge and to serve a concurrent sentence of twelve months on the felonious sexual assault charge. The defendant appeals his convictions on the ground that there was insufficient evidence to prove his guilt beyond a reasonable doubt. We disagree and affirm the defendant's convictions.

The defendant is the uncle of the nine-year-old victim. Prior to the assault, the defendant and his wife had lived with the victim's family in Franklin, but they had recently moved to a nearby apartment building because the defendant had found employment. On the afternoon of the assault, the defendant was visiting with the victim's family at their home in Franklin. After the victim had come home from school, the defendant asked the victim if she wanted to go to his apartment with him while he took a shower so that the victim could pay the landlord if the landlord came while he was indisposed. The victim acquiesced.

When they arrived at the defendant's home, the defendant brought the victim into the bedroom and engaged in sexual contact and sexual penetration with her. The victim protested, but the defendant told her not to scream because it would get them both in trouble and that this was to be their little secret. The victim kept their secret for two years, but then revealed the incident to her family.

The indictments, charging the defendant with aggravated felonious sexual assault, originally stated that the incident occurred "on a Thursday, Friday or Saturday during March, 1983." Prior to trial, in response to the defendant's motion for a bill of particulars, the reference to Saturday in each indictment was deleted by the trial court. At the close of all the evidence, the defendant moved to have the reference to Thursdays stricken from

the indictments because there was no testimony that the incident happened on a Thursday. The State did not object, and the defendant's motion was granted. The indictments, as modified, thus charge that the offense occurred on a Friday during March, 1983.

On appeal, the defendant argues only that the State failed to prove the date of the offense beyond a reasonable doubt and therefore failed to carry its burden of proof. The evidence was that the incident occurred on a Friday, but the defendant contends that because the victim at one point during her testimony indicated uncertainty as to the month in which the offense occurred, the State had not proved beyond a reasonable doubt that the crime occurred on a Friday in *March*, 1983, as opposed to a Friday in another month of that year.

■■ Normally, the exact date of the sexual assault is not required for a conviction under RSA 632-A:2 (Supp. 1986). *State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847 (1986). However, when a particular date is furnished by the State in a bill of particulars, the State must prove beyond a reasonable doubt that the offense occurred on that date. *State v. Boire*, 124 N.H. 622, 624–25, 474 A.2d 568, 569–70 (1984). Therefore, in considering whether there was sufficient evidence to support the defendant's convictions for sexual assault, we must determine whether any "rational trier of fact, while viewing the evidence in the light most favorable to the State," could have found beyond a reasonable doubt that the defendant committed the acts of sexual assault during March, 1983. *State v. Steer*, 128 N.H. 490, 492, 517 A.2d 797, 799 (1986).

■■ Keeping in mind that "[t]he essence of a jury's function is to determine the weight and credence to be given the evidence at trial," *State v. Meaney*, 129 N.H. 448, 451, 529 A.2d 384, 386 (1987), this court will defer to the jury's determination unless no reasonable person could have come to the same conclusion after weighing the conflicting evidence, *State v. Smith*, 127 N.H. 433, 436–37, 503 A.2d 774, 776 (1985). The evidence in this case, viewed in the light most favorable to the State, reveals that the defendant assaulted the victim on a Friday in March, 1983. While the victim acknowledged that during her deposition she had been uncertain as to the exact date, whether it was in February, March or April, she thought the matter over when testifying and concluded that she "[thought] it was in March." Furthermore, the landlord testified that the defendant leased the apartment on January 30, 1983, paying the first month's rent in advance. The victim testified that the incident occurred shortly after the defendant and his wife had

moved out of the victim's apartment. The jury could reasonably have concluded that the victim was attacked during the month of March, as there was no prior occasion on which the rent would have been due, and this was shortly after the defendant had moved into his new apartment.

■ Based on the testimony presented, we hold that a jury could rationally have concluded beyond a reasonable doubt that the defendant committed the act in question on a Friday in the month of March, 1983. We therefore affirm the defendant's conviction.

*Affirmed.*

All concurred.