THE STATE OF NEW HAMPSHIRE

v.

DAVID SIMPSON

November 15, 1990

*John P. Arnold,* attorney general (*Charles B. Holtman,* assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant was convicted after a jury trial in Superior Court (*Morrill,* J.) of aggravated felonious sexual assault, RSA 632-A:2, I. On appeal, the defendant argues that the evidence

presented at trial was constitutionally insufficient to support his conviction. We affirm.

The testimony at trial described the following sequence of events. On the evening of March 13, 1988, the victim was walking down the street in Newport. A car stopped beside her. It was driven by the defendant and occupied by his friends, Russell Newcomb and James Shampney, all of whom had been drinking alcoholic beverages. The defendant asked the victim for directions to his cousin's house. The victim coincidentally knew both the defendant's cousin and James Shampney, so she agreed to accompany the three men to their destination on the condition that they then take her to her home.

When they reached the defendant's cousin's home, no one was there. The defendant then drove back through Newport but did not stop, despite the victim's requests to be taken home. Upon reaching an isolated stretch of road, the three men switched seats, so that the defendant was now sharing the back seat with the victim. As the car returned to Newport, the defendant began to kiss the victim and touch her breasts against her will. She repeatedly told him to stop and attempted to push his hands away, without effect. The defendant pinned the victim's hands over her head with his left arm, pulled down her jeans and ripped off her underwear with his right hand. The defendant then had forcible intercourse with the victim, overcoming her attempts to push him off. He restrained her struggles by pressing his forearm against her throat.

After the assault, the defendant fell asleep. The car was driven back to Newport, where the victim was allowed to exit. Immediately thereafter, the defendant told the other occupants of the car that he had "raped" the victim. The victim reported the incident to her roommate that night and to the police the next day.

The State presented no physical evidence of forcible intercourse. The defendant's defense to the State's allegation was that he and the victim had attempted consensual intercourse, but that he had been unable to achieve penetration.

The basis for the defendant's argument on appeal is that the testimony of the victim is largely uncorroborated. While the defendant acknowledges that the crime of aggravated felonious sexual assault does not require corroboration of the victim's testimony, *see* RSA 632-A:6, he argues that when the victim's testimony contains "numerous" inconsistencies, independent corroboration of that testimony is required in order for the evidence to be constitutionally sufficient. He appears to invite us to treat his challenge as a purely

legal one and to rule that a victim's inconsistent and uncorroborated testimony is constitutionally insufficient, as a matter of law, to support a conviction of aggravated felonious sexual assault.

■■ This court has always employed a fact-specific analysis in reviewing the sufficiency of the evidence in criminal convictions. *See, e.g., State v. Lovely*, 124 N.H. 690, 697, 480 A.2d 847, 851 (1984). The defendant has offered no justification for an abandonment of this procedure, nor are we able to discern any. Therefore, we decline his invitation to rule as a matter of law that testimony which is both inconsistent and uncorroborated is insufficient to support a conviction of aggravated felonious sexual assault.

■ As the defendant correctly points out, even where corroboration is not required, a conviction may not stand on insufficient evidence. *See State v. Ani.*, 257 N.W.2d 699 (Minn. 1977); *State v. Matlock*, 660 P.2d 945 (Kan. 1983). In challenging the sufficiency of the evidence, the standard frequently articulated by this court is that the defendant must demonstrate that no rational trier of fact could have found guilt beyond a reasonable doubt, viewing the evidence in the light most favorable to the State. *State v. Lovely supra.*

In a prosecution under RSA 632-A:2, I, the State must prove beyond a reasonable doubt that the defendant "engage[d] in sexual penetration with another person . . . when the [defendant overcame] the victim through the application of physical force, physical violence or superior physical strength." At the defendant's trial, there was sufficient evidence for the jury reasonably to find each of the required elements.

The primary evidence at trial came from the victim's testimony and the testimony of the three male occupants of the car. Shampney testified that the defendant said that he wanted to get in the back seat so that he could "have some fun" and "get laid." The victim's testimony was unequivocal regarding the defendant's fondling of her breasts and his ultimate sexual penetration of her while physically holding her down. While the defendant claimed at trial that the victim consented to their sexual contact, the victim's testimony on her lack of consent was corroborated by the testimony of the two other occupants. Both Newcomb and Shampney testified that the victim was crying when she exited the car; Shampney also testified that he heard the victim repeatedly tell the defendant to stop and heard her cry continuously before being let out of the car. Certainly, if the jury chose to believe the testimony of the victim and that testimony of the passengers consistent with the victim's testimony, the jury could

have found that the State had proven all elements of the offense beyond a reasonable doubt.

■■ Pointing to specific inconsistencies in the victim's sworn testimony, the defendant argues that the victim's testimony was too implausible and self-contradictory to support a conviction. While there were relatively inconsequential inconsistencies between the victim's deposition, subsequent deposition corrections, and trial testimony, there was ample testimony concerning the elements required for a conviction. Inconsistencies may damage the credibility of a witness, but it is the province of the jury to evaluate the credibility of witnesses and give their testimony appropriate weight. *See State v. McAvenio*, 122 N.H. 580, 582, 448 A.2d 967, 968 (1982). Accordingly, we will defer to the jury's findings "unless no reasonable person could have arrived at the same conclusion after weighing the conflicting evidence." *State v. Cote*, 129 N.H. 358, 369–70, 530 A.2d 775, 781 (1987).

■ In this case the jury apparently accepted the testimony of the victim. We cannot say that it acted unreasonably in doing so. Therefore, we hold that the evidence was sufficient for the trial court to find that the defendant was guilty beyond a reasonable doubt of aggravated felonious sexual assault.

*Affirmed.*

All concurred.