Merrimack
No. 90-594

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM COOPER

February 28, 1992

*John P. Arnold,* attorney general (*Diane M. Nicolosi,* assistant attorney general), by brief, for the State.

*W. Kirk Abbott,* assistant appellate defender, of Concord, by brief, for the defendant.

JOHNSON, J.   This is an appeal from the defendant's conviction in the Superior Court (*Manias,* J.) on a misdemeanor charge of sexual assault, RSA 632-A:4. The defendant was sentenced to twelve months in the house of correction with three months suspended, and two years of probation. The defendant filed a motion to set aside the verdict and order a new trial after the jury returned a verdict. The motion was denied. The defendant appeals, alleging that the court erred in denying his motion for a mistrial on the ground that the court's several instructions to the jury were improper and thus denied him a fair trial. Finding no error, we affirm.

At the conclusion of the evidence and arguments, the court instructed the jury regarding the crime of sexual assault as follows:

> "The definition of the crime of sexual assault has three parts. The State must prove each part of the definition beyond a reasonable doubt. First, the State must prove that the defendant had sexual contact with another person. . . . The second element that the State must prove is that the defendant overcame the other person through the actual application of physical force; and the third element is that the defendant acted purposely."

The court went on to instruct the jury on the issue of consent. It stated:

> "Evidence has been presented that there was consent to the acts of the defendant which constitute the crime of sexual assault. Consent to the acts of the defendant is a complete defense to the crime of sexual assault. The defendant is not required to prove consent. Instead, the State must prove that there was no consent. Therefore, you must decide whether the State has proven beyond a reasonable doubt that there was no consent. If you decide that the State has not proven that there was no consent, then you must find the

defendant not guilty. If, however, you decide that the State has proven lack of consent and the other parts of the definition of the crime of sexual assault which I just gave to you, then you may find the defendant guilty."

The defendant did not object to the initial charge to the jury, and on appeal the defendant concedes that the charge was "adequate because the trial court instructed the jury separately that consent had to be disproven beyond a reasonable doubt. Thus, this part of the charge was not erroneous . . . ." After two hours of deliberation, the jury submitted the following question to the court: "What are the elements involved in the charge of sexual assault, 1) 2) 3)?" The court's written reply to that question did not include lack of consent as an element, but counsel for the defendant, who was shown the reply before it was submitted to the jury, did not at first object.

Ten minutes after the written instruction was given to the jury, defendant's counsel objected to the supplementary instruction because it failed to include lack of consent as an *element* of the offense. The court then recessed until the next day. After an unrecorded conference in chambers, the trial judge delivered a new instruction to the jury that included lack of consent as an element of the crime of sexual assault, and instructed the jury to disregard the previous day's supplemental instructions. However, before the new replacement instruction was delivered the following morning, the defendant moved for a mistrial, on the basis that approximately one-half hour of jury deliberation had occurred the previous day after an erroneous jury instruction, and that the defendant thus had been denied the right to a fair trial. The court denied the motion.

■ We find that the defendant preserved the issue of an improper jury instruction, after the jury's question, by objecting to the court's instruction in a timely manner. *See State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982). The defendant objected ten minutes after the instruction was given to the jury, and before the jury had reached a verdict. There was thus ample opportunity to cure the alleged error, *see id.*, and the trial court did so.

On appeal, the defendant argues that the trial court should have declared a mistrial because the jury deliberated for approximately one-half hour after being given an improper supplemental instruction, and before a new, and proper, instruction was given.

■ We turn first to whether consent is an element of the offense. The legislature has chosen to define "consent" separately and not

make it an element of sexual assault, RSA 632-A:4. RSA 626:6 and :7, read together, have the effect of shifting the burden of proving a lack of consent to the State once the defendant raises the defense of consent. RSA 626:6 states that "[t]he consent of the victim to conduct constituting an offense is a defense if such consent negatives an element of the offense or precludes the harm sought to be prevented by the law defining the offense." In this case, put simply, if the victim had consented to the defendant's sexual advances, rather than having been overcome by the defendant's application of physical force, *see* RSA 632-A:2, I, the defendant would not be guilty of the misdemeanor of sexual assault. RSA 632-A:4. As to the burden of proof, RSA 626:7 states that where evidence of a defense is admitted, such as consent, "the state must disprove such defense beyond a reasonable doubt." RSA 626:7, I(a).

The definition of "element of an offense," as set forth in RSA 625:11, III, can not be read to include the defense of consent. Subparagraph (c) of RSA 625:11, III, refers to conduct which "negatives an excuse or justification for such conduct." Consent is not an excuse or justification. To plead a justification, a defendant must "[admit] the substance of the allegation but [point] to facts that excuse, exonerate or justify his actions. . . ." *State v. Bruneau*, 131 N.H. 104, 117, 552 A.2d 585, 594 (1988) (quoting *State v. Guaraldi*, 124 N.H. 93, 97, 467 A.2d 233, 235 (1983)). Here, the defendant did not admit the substance of the allegation. He did not concede that he overcame the victim through physical force, the second element of sexual assault. In fact, had he done so, he would have negated his defense of consent. Therefore, because consent is not a justification, lack of consent is not an "element" under RSA 625:11, III(c).

We agree with the trial court that lack of consent is an appropriate addition to its answer to the jury's question, regardless of its classification as an "element of the offense" or a "defense" to the charge. Upon the defendant's objection, the court recognized this, and added consent. *State v. Feole*, 121 N.H. 164, 169, 427 A.2d 43, 46 (1981) (errors in instructions to the jury may be cured and become immaterial where promptly cured by the court). The critical part of the instruction regarding consent is that the State has the burden of disproving it. Both the court's initial jury instruction, and, most importantly, its final instruction to the jury, correctly explained the defense of consent and the State's burden of proving lack of consent. Nothing in the court's first supplemental instruction was improper; it was directly responsive to the question asked. We believe the jury was able to understand and apply the court's directive which came

the following day to disregard its initial supplementary instruction. *State v. LaVerne*, 83 N.H. 419, 421, 143 A. 594, 596 (1928) ("In absence of evidence to the contrary it is presumed that instructions are followed.").

■ In summary, we hold that the defendant was not prejudiced by the supplemental instruction and therefore was not entitled to a mistrial. The final supplemental instruction improperly treated the lack of consent as an element of the offense, but properly required the State to prove lack of consent beyond a reasonable doubt and was therefore adequate.

*Affirmed.*

All concurred.