Rockingham
No. 92-043

THE STATE OF NEW HAMPSHIRE

v.

STANLEY P. KING

March 2, 1993

*John P. Arnold*, attorney general (*Paul A. Maggiotto*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, by brief and orally, for the defendant.

BROCK, C.J.    The defendant was convicted by a jury in the Superior Court (*McHugh*, J.) of first degree assault, RSA 631:1. On ap-

peal the defendant contends that the trial court's supplemental charge invaded the province of the jury in violation of his constitutional right to due process. We reverse.

The indictment alleged that the defendant "knowingly caused bodily injury, that is, a puncture wound to the chest and numerous lacerations to the hands and body of [the victim], by knowingly striking and stabbing her with a knife, a deadly weapon." Testimony at trial from the victim and two eyewitnesses presented conflicting versions of the incident. The State introduced as evidence three knives recovered by the police: a bent pocket knife from the roof of the building next door, and a table knife and a kitchen knife from the defendant's kitchen. None of these knives was positively identified as the alleged weapon. The defendant testified that he did not attack the victim.

The trial court instructed the jury on a Friday. After deliberating approximately two hours, the jury requested a copy of the elements of the offense. In response, the court transcribed that portion of its instructions and gave it to the jury. By the end of the day the jury had not reached a verdict and elected to go home for the weekend.

Shortly after reassembling the following Monday, the jury foreperson handed the bailiff a paper with the words "Jury Instructions" and indicated that the jury wanted to know what it could consider. The trial court reinstructed the jury in open court as follows:

> "The question I got this morning was a very general one. It was to the effect you were wondering what you could consider and what you could not consider when you review this case in particular. Everything that I permitted to go before you is something that you can consider. There are, however, at this stage, since you've been at it now for, I don't know what, most of the day, let me just, having gone through this before with other juries, indicate that sometimes problems exist because you stay away from what the indictment and what the elements of the offense are and, in terms of what you can consider, that's what you really should be focusing on.
>
> Now, in this particular case, you know, since I've given the elements in writing at your request, the issue is did the defendant stab the victim with a knife? So, unless you find that the defendant used a knife to cause an injury, bodily injury to the victim, then you must find him not guilty. However, there are conflicts in the testimony in this case as there have

been in many other cases that I've been involved in, so that it's difficult for me to know specifically what your areas of disagreement involve.

Now, for example, my recollection of the testimony in terms of how this injury allegedly took place, there were some conflicts. I think one witness said the victim was standing and the defendant burst into the room and there was some contact. I think one witness said that the victim was on the floor, you know, so there is a disagreement as to how this happened. My recollection is one witness said that the defendant's hand was raised like this (indicating) in an upward motion. Another witness said that the injury occurred as a result of a punching motion. These are the kinds of things you're going to get in terms of disagreement. That is not unusual. My recollection is it happened here; it's not unusual for it to happen in these kinds of cases.

The State's burden is not to prove that the injury occurred in a certain fashion. As long as they prove the elements of the case, then that is their obligation and that is their burden.

. . .

I'm going to ask you again to reconsider the matter. Recognizing this as a new week—two days have gone by—sometimes that's good when juries cannot agree on what a verdict should be. I'm going to ask you to spend some time in reexamining and reassessing the evidence one more time. I don't think I have to tell you that it's important to have you resolve it. The parties and the Court have put a lot of time and effort in getting this case tried. I thought it was well-tried from both sides. There is nothing to make me believe that another twelve people somewhere down the line are going to be any better off in terms of having the ability to resolve this conflict than you folks are. You've heard it all and hopefully you're all clear-thinking, clear-minded people who, after a full and fair deliberation, should be able to reach a unanimous verdict. So I'm going to ask you to give it the old college try and return again and go through the evidence one more time. Forget last week's discussions. Let's assume we're starting this morning fresh and hopefully you can reach a unanimous verdict."

The defendant argues on appeal that the supplemental charge invaded the province of the jury because: (1) it prejudicially summarized the State's evidence while making no mention of the defendant's testimony, thereby unfairly emphasizing one side of the case; (2) it recast the issue in the case by omitting the necessary element that the defendant acted "knowingly"; and (3) it told the jury to disregard their prior deliberations. We agree with the defendant's first argument and, therefore, need not consider his remaining grounds of error.

Despite the State's contention otherwise, this issue was properly preserved. Immediately following the trial court's reinstruction defense counsel objected on several grounds, including that the court's recollection of the testimony was an invasion of the province of the jury. The trial court responded by indicating that it "was not intending to sway [the jury] one way or the other," that it "tried to give an example which was both favorable and unfavorable . . . to the defendant," that it recognized that it is "dangerous for a Court to comment on the evidence" and that it is "something which Courts should not do." While defense counsel may not have "clearly articulate[d] the reason for his objection to the . . . instruction," *State v. Pinardville Athletic Club*, 134 N.H. 462, 465, 594 A.2d 1284, 1286 (1991), it is clear from the court's comments how it understood the objection and that it had an adequate opportunity to correct the error. *Id.*; see State v. Judkins, 128 N.H. 223, 225, 512 A.2d 427, 428 (1986) (objection gave trial court adequate opportunity to reconsider ruling).

"A trial judge's primary duty in charging the jury is to clarify the issues of the case, and to assist the jury in understanding the questions to be resolved." *State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982); *see Poulin v. Provost*, 114 N.H. 263, 264, 319 A.2d 296, 297 (1974). In New Hampshire "[i]t is the practice of Superior Court judges not to comment upon the evidence or upon the credibility of witnesses in the charge to the jury." R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE, § 994, at 397 (2d ed. 1991); *see State v. Newman*, 74 N.H. 10, 21, 64 A. 761, 766 (1906). Such practice is prudent given that "[t]he influence of the trial judge on the jury is necessarily and properly of great weight and his slightest word or intimation is received with deference, and may prove controlling." *Quercia v. United States*, 289 U.S. 466, 470 (1933) (quotations omitted).

■ In this case, the trial court summarized the testimony of several of the State's witnesses but failed to mention the exculpatory testimony of the defendant. In doing so the court improperly focused the jury's attention on whether the victim had been stabbed with a knife and away from the defendant's claim that there had been no assault. *See State v. Jones*, 125 N.H. 490, 494, 484 A.2d 1070, 1073 (1984) (court's response created realistic danger that jury misled by mistaking answer to legal question for definitive answer to factual issue). Viewing the effect of the court's comments from the perspective of how a reasonable juror may have understood them, *id.*, we conclude that the court's references to specific evidence presented at trial by the State were improper and raised the possibility of prejudice to the defendant. Because we are unable to conclude that the error was harmless, *see id.* at 495, 484 A.2d at 1073, we reverse the conviction and remand the case for a new trial.

*Reversed and remanded.*

All concurred.