Grafton
No. 92-101

THE STATE OF NEW HAMPSHIRE

v.

EDWARD WILLIAMS

June 30, 1993

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief and orally), for the State.

*Nighswander, Martin & Mitchell, P.A.*, of Lebanon (*R. Peter Decato* on the brief and orally), for the defendant.

JOHNSON, J. A jury convicted the defendant, Edward Williams, of one count of aggravated felonious sexual assault under RSA 632-A:2, XI (1986) (current version at RSA 632-A:2, I(*l*) (Supp. 1992)). An amended indictment charged that the defendant, between January 1, 1988, and December 31, 1989, engaged in sexual penetration with a male victim under the age of thirteen. In this appeal, the defendant argues that the Superior Court (*Smith*, J.) abused its discretion by failing to instruct the jury that the State must prove the offense occurred within the two-year time frame alleged in the indictment. Because the State chose to allege a time frame, and the defendant's access to the victim during the time frame was a principal issue in the case, we reverse.

The victim was six years old on May 19, 1990, when he told his parents that the defendant had put his mouth on the victim's "private parts." Although his mother testified that the victim had not previously exhibited any sexual awareness, the evidence indicated that he had viewed sexually explicit videotapes. The victim told his

parents and later testified that the defendant's act occurred when the defendant was babysitting him and his two younger brothers. The defendant was a friend of the victim's parents, as well as a brother-in-law of the victim's aunt. The defendant babysat or otherwise had contact with the victim on several occasions prior to 1989.

The original indictment charged the defendant with engaging in sexual penetration by placing the victim's penis in his mouth "between December 1, 1988 and May 31, 1989." Following depositions of the victim's parents, the defendant moved to quash the original indictment, arguing that because of the parents' equivocation on the pertinent dates, there was no evidence that the defendant had had access to the victim during the six months alleged. The State moved to amend the indictment to charge that the offense occurred "between January 1, 1988 and December 31, 1989." The indictment was amended accordingly.

At trial, the State presented evidence that the defendant had sexual contact with the victim on one occasion while he was babysitting, and that the defendant babysat the victim twice: once when his parents were Christmas shopping in December 1988 or 1989, and once when his parents went out and "rode around" to celebrate his mother's birthday in February 1988 or 1989. The defendant offered evidence that he had not been alone with the victim since December 1987. Both the State and the defendant stated in their closing arguments that the State had the burden of proving that the offense occurred within the two-year time frame set forth in the indictment.

The trial court's charge to the jury set forth the elements of aggravated felonious sexual assault, but omitted any reference to a time frame for the offense. The defendant objected to the trial court's failure to advise the jury that the jury must find that the offense occurred during the "window" (*i.e.*, the two-year time frame) alleged by the State in the indictment. The trial court overruled the defendant's objection during the trial and denied his post-trial motions for a judgment of acquittal or a new trial based on the lack of a reference to a time frame in the jury instructions.

Despite the State's argument to the contrary, we find that the defendant preserved for our review whether the trial court abused its discretion in refusing to instruct the jury that the State must prove the offense occurred within the two-year time frame alleged in the indictment. In a bench conference called by the trial court immediately after the instructions were read, but before the jury retired, the defendant objected that "there was no mention of the requirement of proving that [the offense] occurred within the time specified

in the indictment." The trial court overruled the objection, explaining that time is not an element of aggravated felonious sexual assault, and that the defendant failed to seek a bill of particulars that would have required the State to prove the date of the offense.

 Although requests for specific instructions must be submitted "so as to allow the trial court ample time" to consider them and "to decide whether they should be included in the charge," *State v. Letourneau*, 133 N.H. 565, 567, 578 A.2d 865, 867 (1990) (quotation and ellipsis omitted), objections to jury instructions appearing on the record before the jury has retired may be preserved. *See* SUPER. CT. R. 72. Trial judges hold bench conferences at the close of the charge for counsel to record objections so that any errors may be corrected before the jury has deliberated. *See* R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE §§ 991, 995, at 394, 401 (2d ed. 1991). We note that the order denying the defendant's post-trial motions did not discuss the timeliness or untimeliness of the objection, but merely refined the reasons stated at trial for overruling the defendant's objection. An appropriate inference is that the bench conference objection, addressing an omission from the instructions of dates alleged in the indictment and disputed at trial, provided the trial court "ample opportunity to cure" the alleged error. *See State v. Cooper*, 135 N.H. 258, 260, 603 A.2d 499, 501 (1992). The issue is accordingly preserved.

 Time is not an element of aggravated felonious sexual assault. *See State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847 (1986). In *Lakin*, we sustained an indictment which alleged that an act of aggravated felonious sexual assault occurred sometime within a two-year time period, *see id.*, just as was alleged in this case. We concluded that such an allegation provided sufficient specificity for a defendant to know what proof he or she would meet at trial. *See id.* We appreciate that the State may encounter difficulties in fixing a precise date for a sexual assault, particularly when the victim is a young child who cannot easily relate the time of the offense to school vacations or other outside events. But we also recognize the burden that *Lakin* places on a defendant who must confront proof consistent with such an indictment; for example, persons can rarely find alibi witnesses for each day of a long time period. Because of this burden on a defendant, we conclude that the State, when it alleges a time frame as permitted by *Lakin*, has the obligation to prove that the offense occurred within that time frame when the defendant asserts a defense based on lack of opportunity within that time frame.

■■ We now consider whether, on the facts of this case, a jury may convict a defendant without any instructions describing the State's obligation to prove that the offense occurred during the two-year time frame that the State itself chose to allege. The trial court's "primary duty" in instructing the jury is not merely to explain the elements of the offense, *see State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982), but also to clarify the pertinent "issues of the case, to assist the jury in understanding the questions to be resolved." *State v. King*, 136 N.H. 674, 677, 621 A.2d 921, 923 (1993) (quotation omitted). Although a trial court has discretion to determine whether an instruction on an issue is necessary, *see State v. Dedrick*, 135 N.H. 502, 505, 607 A.2d 127, 129 (1992), instructions addressing only the elements of the offense may not fairly cover all significant issues in some cases. *See Bird*, 122 N.H. at 15, 440 A.2d at 443.

A defendant's assertion of a time-based defense, such as an alibi, will not convert time into a material element, but may render it a significant issue. The defendant in this case presented evidence refuting the victim's parents' testimony that he babysat the victim on a date in February or December 1988 or 1989. The defendant's cross-examination of the victim's mother caused her to equivocate on whether the Christmas shopping trip occurred in December 1987, 1988, or 1989. The victim's aunt and her husband, the defendant's brother, testified that the Christmas shopping trip occurred in December 1987. Finally, the defendant testified that he was with the victim in June 1987, but that he had not had the opportunity to commit the crime as alleged because he had not been alone with the victim at any time since December 1987. Hence, the time frame of the alleged incident was a principal issue in this case.

The defendant contends that because he relied in part on the time-based defense of lack of opportunity, when the State itself chose to allege that the offense occurred within a time frame, the trial court abused its discretion in refusing to instruct on the two-year period alleged in the indictment. We agree. Although instructions may expand the time frame for an offense when time is neither an element nor the basis of a date-based defense, *see State v. Skillings*, 99 N.H. 427, 429, 113 A.2d 490, 491 (1955); *State v. Perkins*, 70 N.H. 330, 331–32, 47 A. 268, 269 (1900), a defendant's assertion of a defense that makes time important increases the need for an instruction on the time frame in which the State alleges that the offense occurred.

■ Lacking any instruction on a time frame, the jury was left to speculate that the offense occurred anytime when the defendant had access to the victim, including June 1987, a date six months before

the time frame in the indictment, when the defendant testified that he had been the victim's babysitter. We hold that the omission of an instruction on the time of the offense unfairly prejudiced the defendant by stripping him of his time-based defense of lack of opportunity, and exposed him to a conviction based on evidence of his access to the victim before the time period alleged in the indictment. We conclude that it was an abuse of discretion in this case, where the State chose to allege a time frame, and where the defendant relied on a substantial time-based defense, for the trial court to refuse to provide an instruction that the State must prove the offense occurred within the two-year time frame alleged in the indictment.

*Reversed and remanded.*

THAYER, J., dissented; the others concurred.

THAYER, J., dissenting: The majority holds that the defendant was entitled to an instruction to the effect that the State must prove that the offense occurred between the dates alleged in the indictment. As this holding is an unwarranted extension of existing law, I must dissent.

It is black letter law in this jurisdiction that the State need not prove the alleged criminal conduct occurred on the exact dates in the indictment or complaint. Rather, the State must show that the offense occurred "on or about" the dates alleged. *See State v. Perkins*, 70 N.H. 330, 331–32, 47 A. 268, 269 (1900). There are, however, circumstances in which the trial court must instruct the jury that the State must prove the date of the offense. These instances are quite limited. If the date of the offense is an element of the crime, the State must prove when the offense occurred. *See State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847 (1986). The defendant in this case was charged with aggravated felonious sexual assault, as defined by RSA 632-A:2, XI, when the defendant was charged, and as currently defined by RSA 632-A:2, I(*l*) (Supp. 1992). Neither version of the statute includes the date of the offense as an element of the crime. Nor did the defendant argue that the State should be required to prove the date of the offense to show that the offense occurred while the victim was less than the statutory age contained in RSA 632-A:2, XI, or that the offense occurred after the statute of limitations had run.

The second instance in which the defendant is entitled to an instruction that the State must prove the date of the offense is when a defendant seeks, and the court grants, a bill of particulars. After the State files a bill of particulars, the date specified by the State must be

proved as an element of the offense charged. *State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569–70 (1984). By virtue of a bill of particulars specifying the date, the State is "obliged to prove the date of the [offense] beyond a reasonable doubt." *State v. Meekins*, 127 N.H. 777, 778, 508 A.2d 1048, 1049 (1986). The defendant in this case did not seek a bill of particulars and, thus, was not entitled to a date or time instruction.

The majority, without citing any applicable theory or authority, holds that when the State charges that an offense occurred within a time frame ånd the defendant presents a "time-based defense," the State must prove the offense occurred during that period. In my view, that holding makes the time period an element of the offense. In addition to altering the legislatively-defined offense, the majority has effectively abolished the method of discovery typically used in these instances.

That which troubles the majority has historically been addressed through a bill of particulars. The State can be required to furnish a bill of particulars when the defendant established a factual basis to show that a bill of particulars is "necessary for the preparation of a defense." *State v. Steer*, 128 N.H. 490, 494, 517 A.2d 797, 800 (1986) (citing *Boire*, 124 N.H. at 624, 474 A.2d at 569). Instead of simply requiring defendants to do that which defendants have always done when they sought more definitive information from the State, the majority has eliminated the long-accepted discovery process of seeking a bill of particulars in favor of a rule requiring the State, in circumstances similar to this case, to prove, beyond a reasonable doubt, that the offense occurred within the time frame alleged.

In my view, there are other factors to be considered when deciding whether an "on or about" instruction is proper in a case in which child sexual abuse is alleged to have occurred within a certain time frame. Such factors were considered by the Missouri Appeals Court in *State v. Hoban*, 738 S.W.2d 536 (Mo. App. 1987). In *Hoban*, the defendant was indicted for attempted rape of, and deviate sexual intercourse with, a victim who was seven years old when the instances of sexual contact began. The indictment alleged that the offenses occurred between June 1983 and September 1984. *Id.* at 539. The victim testified that the defendant initiated sexual contact when they were alone in the defendant's house, usually in the garage or the basement. *Id.* at 538.

The defendant in *Hoban*, like the defendant before us, did not raise a true alibi defense, but claimed that he was never alone with the victim, nor was he ever in the basement with the victim. *Id.* at

540. After his conviction, the defendant complained that the jury instructions prejudiced him because the time of the offense was not sufficiently stated. *Id.* at 539. In rejecting the defendant's claim of error, the court held:

"We find the more prudent rule of law to be reflected in those cases which expressly recognize that an alibi defense does not change the nature of the charges against the defendant or suddenly incorporate time as a necessary element of the offense. Any other rule would too often preclude prosecution of crimes involving child victims as here where the crimes are not discovered until some time after their commission. Leeway is necessary in charging sexual abuse and sexual intercourse with minors because children who are the victims of abuse may find it difficult to recall precisely the dates of offenses against them months or even years after the offense has occurred. The absence of such a rule would give rise to an untenable tactic. A defendant would simply have to make the assertion of alibi in order to escape prosecution once it became apparent that a child was confused with respect to the date of a sexual assault."

*Id.* at 541 (citations and quotation omitted); *see also State v. Eggert*, 358 N.W.2d 156, 160 (Minn. App. 1984) (instruction relieving prosecution of proving offense occurred on specific day not rendered erroneous simply by the defendant's presentation of alibi defense); *State v. Siems*, 535 S.W.2d 261, 265–66 (Mo. App. 1976) (where State's evidence did not rely on specific day or week, but showed that offense occurred some time during month, no error for court not to instruct on time of offense despite defendant's lack of opportunity defense for particular weekend).

In my view, the *Hoban* analysis should be applied to this case. I would uphold the trial court's refusal to give a specific instruction that the jury must find that the offense occurred some time between the dates in the indictment. Accordingly, as conceded by the defendant, proof that the offense occurred on or about the dates alleged would be sufficient to uphold the jury's determination.