Hillsborough-northern judicial district
No. 93-672

### THE STATE OF NEW HAMPSHIRE

v.

### ARMAND DESMARAIS

September 19, 1995

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, and *Richard C. Guerriero, Jr.*, assistant appellate defender, of Concord, (*Mr. Duggan* and *Mr. Guerriero* on the brief, and *Mr. Guerriero* orally), for the defendant.

### MEMORANDUM OPINION

HORTON, J. The defendant, Armand Desmarais, was convicted of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1994), and

felonious sexual assault, RSA 632-A:3, III (1986), after a jury trial in Superior Court (*Hollman*, J.). On appeal he challenges the trial court's failure to charge the jury that the contents of a stipulation entered into by the State and the defendant were elements of the crime requiring proof beyond a reasonable doubt. We affirm.

The indictments charged that the acts occurred between March 3, 1992, and July 4, 1992. The defendant moved for a bill of particulars seeking to limit the time of the alleged offenses to weekends between March 3, 1992, and June 27, 1992. Thereafter, the parties stipulated that the State was alleging that the offenses occurred on Friday and Saturday nights between March 3, 1992, and June 27, 1992. The defendant withdrew his motion with the court's acceptance of the stipulation, and no bill of particulars was afforded. At trial the defendant unsuccessfully argued that the stipulation was a bill of particulars necessitating proof beyond a reasonable doubt.

The defendant argues that *State v. Boire*, 124 N.H. 622, 474 A.2d 568 (1984), mandates a reversal of his convictions. We disagree. *Boire* states that the allegations in a bill of particulars become elements of the crime, which the State must prove beyond a reasonable doubt. *Id.* at 624, 474 A.2d at 569. This remains good law, and neither the State nor the defendant argues otherwise. A stipulation, however, is a "[v]oluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues." BLACK'S LAW DICTIONARY 1415 (6th ed. 1990). The question here is under what circumstances does a stipulation or agreement between the parties become a bill of particulars.

While the focus of our decision in *Boire* was the legal effect of a bill of particulars, *Boire* is an aid to our analysis. In *Boire* the indictment charged that the act occurred on September 25, 1981. The defendant moved for a bill of particulars with respect to the date, time, and place of the offense charged in the indictment based on the possibility of an alibi defense. *Boire*, 124 N.H. at 623, 474 A.2d at 569. The prosecutor did not challenge the defendant's right to a bill of particulars and responded that September 25, 1981, was the date of the offense. *Id.* at 624, 474 A.2d at 569. The trial court, prosecutor, and defense counsel all understood and treated the representation as a bill of particulars. *Id.*

■■ We hold that for the facts stipulated to become an element of the offense, the trial court, prosecutor, and defense counsel must reasonably understand and treat the stipulation as a bill of particulars. *See id.* Here, the trial court and the prosecutor reasonably understood that the facts stipulated were not the equivalent of a bill

of particulars. At a bench conference following the jury charge, the trial court explicitly stated that it did not understand the stipulation to be an element of the offense, with which the prosecutor concurred. This was an entirely reasonable understanding. The defendant's motion for a bill of particulars indicated the possibility of an alibi defense. Rather than agree to a bill of particulars, the State offered to stipulate that it was charging that the offenses occurred within a more limited time than was originally charged in the indictment. This was in effect an offer to stipulate to an amendment of the indictment. The defendant was free to accept the State's offer to stipulate and withdraw his motion or to reject the State's offer and pursue his motion. The defendant's acceptance did not preclude the possibility of a jury instruction on time. Although time is not an element of the offense, a defendant may be entitled to such an instruction if he puts forth a time-based defense such as alibi or lack of opportunity. *State v. Williams*, 137 N.H. 343, 347, 629 A.2d 83, 86 (1993). It was reasonable for the court and the prosecutor not to consider the stipulation a bill of particulars.

■ To ensure against confusion of this sort in the future, we will hereafter consider that a stipulation is the equivalent of a bill of particulars only when the stipulation recites that it is to be considered a bill of particulars or when the trial court orders that it be considered as a bill of particulars. *Accord State v. Allison*, 134 N.H. 550, 553–55, 595 A.2d 1089, 1091–92 (1991). Because the sole ground on which the defendant argues that he was entitled to a jury instruction on time is that the stipulation was a bill of particulars or its functional equivalent, we need not analyze whether such an instruction would have been necessary based on the presentation of a time-based defense. *See Williams*, 137 N.H. 343, 629 A.2d 83.

*Affirmed.*

All concurred.