Strafford
No. 94-741

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH GILES

March 12, 1996

*Jeffrey R. Howard*, attorney general (*Julie Kielty Connolly*, attorney, on the brief, and *John P. Kacavas*, assistant attorney general, orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

JOHNSON, J. A Superior Court (*Fauver*, J.) jury convicted the defendant, Joseph Giles, of aggravated felonious sexual assault against his ten-year-old grandniece. *See* RSA 632-A:2, XI (1986) (amended 1992). He appeals, contending that there was insufficient evidence at trial to support a finding that the assault occurred during the time frame alleged in the indictment. We affirm.

The indictment alleged that the defendant assaulted the victim between February 1 and April 20, 1991. As we have frequently noted, "[t]ime is not an element of aggravated felonious sexual assault." *State v. Williams*, 137 N.H. 343, 346, 629 A.2d 83, 85 (1993); *see also State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847

(1986). We held in *Williams, however, that if under certain circumstances* the State alleges a time frame, and the defendant professes lack of opportunity to commit the assault during that period, the State bears the burden of proving the time frame. *Williams*, 137 N.H. at 346, 629 A.2d at 85; *see also State v. Carter*, 140 N.H. 114, 119, 663 A.2d 101, 104 (1995). The defendant here asserted a time-based defense and the State conceded that *Williams* applied. The trial court accordingly instructed the jury that the State bore the burden of proving beyond a reasonable doubt that the defendant assaulted the victim sometime between February 1 and April 20, 1991.

The defendant argues on appeal that the State failed to meet this burden. He "must demonstrate that no rational trier of fact could have found guilt beyond a reasonable doubt, viewing the evidence in the light most favorable to the State." *State v. Simpson*, 133 N.H. 704, 706, 582 A.2d 619, 620 (1990). In evaluating the defendant's claim, we keep in mind that "[t]he essence of a jury's function is to determine the weight and credence to be given the evidence at trial." *State v. Meaney*, 129 N.H. 448, 451, 529 A.2d 384, 386 (1987).

> It is the jury which observes the witnesses, judges their credibility and hears their testimony, accepting or rejecting it in whole or in part. In determining witness credibility, the jury may accept some parts and reject other parts of testimony, and adopt one or the other of inconsistent statements by witnesses.

*Morrill v. Tilney*, 128 N.H. 773, 778, 519 A.2d 293, 296 (1986) (quotation and citation omitted); *see also Simpson*, 133 N.H. at 707, 582 A.2d at 621; *State v. LaRose*, 127 N.H. 146, 153, 497 A.2d 1224, 1230-31 (1985). "[T]his court will defer to the jury's determination unless no reasonable person could have come to the same conclusion after weighing the conflicting evidence." *State v. LaCasse*, 129 N.H. 651, 653, 531 A.2d 327, 329 (1987).

■ We find ample evidence to support a jury finding that the defendant assaulted the victim between February 1 and April 20, 1991. The victim testified as follows. During February, March, and April of 1991, when she was ten years old, she spent most Friday nights and Saturdays at her grandmother's house. The defendant, her grandmother's brother, lived in the house at the time. One Saturday during this period, her grandmother unexpectedly had to work a shift at the shoe factory where she was employed and left the victim home with the defendant. The defendant assaulted the victim on that occasion.

█ Under cross-examination, the victim equivocated about the probable date of the assault, stating that it might have happened during the month of December or January. The victim also said she thought she was eight years old when the defendant assaulted her. We reject the defendant's implication, however, that such testimony necessarily negated the victim's earlier, time-specific statements. Although the victim's equivocations likely detracted from the strength of her earlier testimony, the jury was well within its fact-finding discretion to discount the cross-examination testimony in favor of her statements under direct examination. *See Simpson*, 133 N.H. at 707, 582 A.2d at 621; *Morrill*, 128 N.H. at 778, 519 A.2d at 296.

Viewing the evidence in the light most favorable to the State, and keeping in mind the jury's fact-finding discretion, we find ample direct evidence that the assault took place sometime during the months of February, March, and April of 1991. Such evidence, however, leaves open the possibility that the assault occurred between April 21 and April 30, outside the February 1 through April 20 time frame alleged in the indictment. There was no direct evidence concerning those last days of April. Consequently, the State bore the burden of establishing through circumstantial evidence that the assault occurred between February 1 and April 20, and not April 21 through April 30 or any other time.

In reviewing the sufficiency of the circumstantial evidence presented to the jury, we must decide whether the evidence was "sufficient to allow the jury to exclude all rational conclusions other than the defendant's guilt." *State v. McCue*, 134 N.H. 94, 104, 589 A.2d 580, 586 (1991); *see also State v. Newcomb*, 140 N.H. 72, 80, 663 A.2d 613, 619 (1995). "In determining whether the jury was so entitled, we recognize that it may draw all reasonable inferences from circumstantial evidence, just as it may from direct evidence." *McCue*, 134 N.H. at 104, 589 A.2d at 586.

█ We find that the circumstantial evidence adduced at trial was sufficient to allow the jury to exclude all rational conclusions other than that the defendant assaulted the victim between February 1 and April 20, 1991. From January through June 1991, the defendant worked with the victim's grandmother at the shoe factory. After reviewing the company's records, the former office manager testified that, during the defendant's six months of employment, there was only one Saturday when the victim's grandmother worked, but the defendant did not. That Saturday was March 9, 1991, a date within the time frame alleged in the indictment. A March 9 crime date is consistent with the victim's assertion that the defendant

assaulted her on a Saturday while her grandmother worked. The testimony of the former office manager, which the jury *could* reasonably accept in its entirety, *see State v. Sands*, 123 N.H. 570, 590, 467 A.2d 202, 214 (1983), excludes any rational conclusion that the defendant assaulted her on another date between January and June 1991. Because the victim's testimony placed the assault between February and April of 1991, the jury heard sufficient evidence to find that the assault occurred within the time frame alleged in the indictment.

To rebut the inference that the assault occurred on March 9, 1991, the defendant points to the fact that he lived with the victim's grandmother for several months in 1990, before he started working at the shoe factory. He argues that the testimony of the former officer manager does not exclude the possibility that he assaulted the victim sometime during 1990. The defendant's argument does not withstand scrutiny. The jury heard direct evidence, in the form of the victim's testimony, that the assault occurred between February and April of 1991. Accordingly, the State bore no burden of excluding any dates outside that time frame through circumstantial evidence.

The defendant further argues that his testimony, along with that of his daughter and a friend, establishes an alibi for March 9, 1991. The defendant testified to the following. On Friday, March 8, he drove to Alton to visit his daughter and grandson. That evening, he went to their friend's house, where he gave the friend some eggs and another person gave the defendant's grandson a car seat cushion. The next day, March 9, he took his daughter and grandson for a car ride, using the new cushion.

The friend gave similar testimony concerning Friday, March 8. Reading from journal entries, she testified that she saw the defendant at her home in Alton that night. She stated that the defendant brought her some eggs, and another person gave the defendant's grandson a car seat cushion. The defendant's daughter also testified about the cushion, recounting that she got it at the friend's house and used it for the first time the next day in the defendant's car.

Although the testimony given by the three defense witnesses supported the defendant's alibi theory, it did not mandate an acquittal. "The jury observes the witnesses, hears their testimony, and judges their credibility; it is not bound by the evidence and may accept or reject the evidence in whole or in part." *Sands*, 123 N.H. at 590, 467 A.2d at 214. We defer to the jury's findings on credibility in part because a trial transcript provides no indication of a

witness's tone of voice or demeanor, two useful tools in the assessment of credibility. *See State v. Little*, 138 N.H. 657, 661, 645 A.2d 665, 667 (1994), *denial of hab. corpus aff'd by Little v. Cunningham*, 57 F.3d 1061 (1st Cir. 1995). Here, even our review of "the sterile pages of [the] transcript," *id.*, supports the jury's decision to reject the defendant's alibi defense.

The defendant testified that he remembered his activities on March 8 and 9 only after consulting with his friend and learning of her journal entries. It is therefore neither surprising nor especially persuasive that his testimony would match hers. Similarly, the defendant's daughter's testimony was weakened by the fact that she placed the receipt of the new car seat cushion sometime in February, not March.

The defendant nonetheless argues that his daughter's testimony corroborated his March 9 alibi defense because his daughter remembered using the cushion for the first time the day after she got it. According to their friend's journal, the daughter received the cushion on March 8. Even if the jury accepted the journal evidence without question, however, it was free to disbelieve the defendant's and his daughter's testimony about the car ride. *See Sands*, 123 N.H. at 590, 467 A.2d at 214. Bearing in mind the defendant's burden on appeal and the deference we accord the jury's fact-finding, and viewing all of the evidence and reasonable inferences drawn therefrom in the light most favorable to the State, we find sufficient evidence in the record that the defendant assaulted the victim within the time frame alleged in the indictment.

*Affirmed.*

All concurred.