# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0117, <u>A.A. v. N.R.</u>, the court on October 7, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, N.R., appeals a civil stalking final order of protection issued in favor of the plaintiff, A.A., following an evidentiary hearing. <u>See</u> RSA 633:3-a, III-a (Supp. 2023). He argues that the evidence was insufficient to support the trial court's findings that he engaged in a course of conduct that would cause a reasonable person to fear for his or her personal safety or the safety of a member of the person's immediate family, and that the plaintiff was, in fact, placed in such fear. <u>See</u> RSA 633:3-a, I(a) (Supp. 2023). We affirm.

Stalking is defined to include "[p]urposely, knowingly, or recklessly engag[ing] in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." <u>Id</u>. "'Course of conduct' means 2 or more acts over a period of time, however short, which evidences a continuity of purpose," and may include "[a]ny act of communication, as defined in RSA 644:4, II." RSA 633:3-a, II(a)(7) (Supp. 2023). RSA 644:4, (Supp. 2023), in turn, makes it unlawful to "[m]ake[] repeated communications," meaning, to repeatedly "impart a message by any method of transmission," "in offensively coarse language with a purpose to annoy or alarm another," or to "[i]nsult[], taunt[], or challenge[] another in a manner likely to provoke a violent or disorderly response." RSA 644:4, I(b)-(c), II (Supp. 2023).

The trial court's "findings of facts shall be final, but questions of law may be transferred from the circuit court to the supreme court." RSA 173-B:3, VI (2022); <u>see</u> RSA 633:3-a, III-a (providing that, in civil stalking proceedings, "the procedures and burdens of proof to be applied . . . shall be the same as those set forth in RSA 173-B"). We review sufficiency of the evidence claims as a matter of law and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We view the evidence in the light most favorable to the plaintiff, deferring to the trial court's evaluation of the witnesses' credibility, <u>id</u>. at 401, 404, recognizing that the trial court has the benefit of observing the demeanor of the witnesses first-hand, <u>see</u> <u>State v. Giles</u>, 140 N.H. 714, 718-19 (1996) ("We defer to the jury's findings on credibility in part because a trial

transcript provides no indication of a witness's tone of voice or demeanor, two useful tools in the assessment of credibility.").

In this case, the trial court found that the defendant purposely, knowingly, or recklessly engaged in a course of conduct targeted at the plaintiff when he passed in front of the plaintiff's home and yelled threatening obscenities on at least eleven occasions within the span of a month, and that such conduct caused the plaintiff to fear for his safety and triggered law enforcement involvement.  Viewing the evidence most favorably to the plaintiff, see Despres, 162 N.H. at 401, we conclude that it supports the trial court's findings that the defendant's conduct would cause a reasonable person to fear for his or her personal safety or the safety of the person's immediate family, and that the plaintiff was placed in such fear.

Affirmed.

MacDonald, C.J., and Bassett and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2