Hillsborough
No. 84-129

THE STATE OF NEW HAMPSHIRE

v.

KENNETH MUNSON

March 1, 1985

*Stephen E. Merrill,* attorney general (*Steven L. Winer,* attorney, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. We are asked to decide whether the Superior Court (*DiClerico,* J.) improperly denied the defendant's mistrial motion after evidence was erroneously admitted that the defendant at his arrest exercised his rights to remain silent and to confer with counsel. We find that the admission of the evidence was not prejudicial and therefore affirm the trial court's decision.

The defendant was tried before a jury on a charge of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1983), of a thirteen-year-old girl. The evidence admitted against the defendant included the victim's testimony describing the incident, the testimony of the victim's sister that she had been informed of the incident by the victim shortly after its occurrence, the testimony of a police officer to whom the victim had reported the incident, and another police officer's testimony that the defendant had fled New Hampshire and had been extradited from Louisiana to face the charge.

At trial, Detective William Isbill of the Nashua Police Department testified that, after being arrested, the defendant asserted his rights to remain silent and to confer with an attorney. Detective Isbill testified:

> "I brought him up to the Youth Services Division at 9:47 p.m. At that time he was advised of his rights by me by reading them out loud from a Nashua Police Department rights waiver form, which Mr. Munson stated he understood but did not want to say anything, that he wanted to call his attorney. At . . . 9:47 p.m. he called Attorney George O'Malley, and after he got through speaking with Attorney O'Malley he said that Attorney O'Malley told him *not to sign anything or say anything* [in] reference to the case."

The defendant made a timely objection and exception to this testimony.

The admissibility of the testimony was taken up by the court the following day at a conference with the parties. At that time, the

defendant moved for a mistrial. The court declined to rule on the motion, but noted that the defendant had sound reasons for objecting to the testimony. The court observed, "The witness should not have made those statements, and the fact that he did make them does rise to a problem of constitutional dimensions."

To limit the prejudicial effect of the testimony, a number of curative steps were taken. The court offered to make limiting instructions to the jury both upon the resumption and at the close of trial. The defendant agreed only to the latter. The prosecutor agreed to, and subsequently did, ask Detective Isbill several leading questions that indicated to the jury that it was "normal" for arrestees to request to call an attorney and that attorneys usually tell arrestees to remain silent. Finally, the court granted the defendant's motion to bar the introduction of the defendant's prior convictions during his cross-examination. The court stated that, "in light of what has transpired with respect to Officer Isbill's testimony," the motion was granted to avoid any cumulative prejudicial effect. At the close of trial, the defendant again moved for a mistrial. This motion was denied, and the defendant was convicted.

 A right against self-incrimination and a right to counsel are guaranteed by the New Hampshire and Federal Constitutions. N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, VI. The police must advise a suspect that he has the right to remain silent and the right to counsel before engaging in custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 444 (1966). If the suspect asserts these rights, all questioning must cease. *Id.* at 444–45. The suspect's silence "in the face of accusation" may not be used against him at trial. *Id.* at 468 n.37; *see State v. Seeley,* 116 N.H. 831, 834, 368 A.2d 1171, 1174 (1976). The admission of Detective Isbill's testimony on the defendant's assertion of his rights was clearly violative of this rule.

██ ██ "In this State the test for determining in a criminal case whether error can be harmless is 'whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict.'" *State v. Welch,* 120 N.H. 687, 688, 421 A.2d 142, 142–43 (1980) (quoting *State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976)). We find that, in light of the curative steps taken by the court, and the other evidence before the jury, this standard has been met.

*Affirmed.*

All concurred.