Hillsborough
No. 85-313

THE STATE OF NEW HAMPSHIRE

v.

ROBERT LESCARD

October 2, 1986

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J.    The defendant, Robert Lescard, was convicted, following a jury trial, of negligent homicide, RSA 630:3. The sole issue in this appeal from the Superior Court's (*Bean,* J.) denial of the defendant's motion to suppress is whether the trial court erred in admitting statements made by the defendant after his arrest, but prior to the time he was advised of his *Miranda* rights. We find no error and affirm.

On April 8, 1984, the defendant was involved in a fatal car accident. Observers at the scene, including police officers, testified that the defendant, who was the driver of one of the vehicles, appeared intoxicated. Because he was injured, however, no field sobriety tests were administered. The defendant reacted aggressively and violently to attempts by medical personnel to provide him first aid, and as a result, he was handcuffed. He was then transported by ambulance to a hospital, where he was met by Officer Queen of the Merrimack Police Department.

During a lull in the defendant's medical treatment, Officer Queen began to advise him of his rights under the implied consent statute, RSA 265:87, I. First, the officer explained to the defendant that he

had been involved in a collision and that he believed the defendant was intoxicated. In response, the defendant "stated he did not hit another car, that he was not driving." The officer then asked Lescard if he wished to submit to a blood alcohol test. Lescard refused to take the test.

At trial, the defendant moved to suppress all statements made to members of the Merrimack Police Department, arguing that the statements were made without a knowing, voluntary, and intelligent waiver of his *Miranda* rights in violation of the fifth and fourteenth amendments to the United States Constitution, and part I, article 15 of the New Hampshire Constitution. The trial court denied the motion, and the above quoted statement was admitted into evidence.

We first consider the defendant's claim under the New Hampshire Constitution. *See State v. Ball,* 124 N.H. 226, 231, 471 A.2d 347, 350 (1983); *see also Michigan v. Long,* 463 U.S. 1032, 1040–41 (1983). The defendant asserts that because the statements were elicited during a custodial interrogation prior to his having been advised of his rights under *Miranda,* they were improperly admitted into evidence. *See State v. Sheila Portigue,* 125 N.H. 338, 343, 480 A.2d 896, 900 (1984) ("The *Miranda* safeguards apply only to situations involving a custodial interrogation."). There is no question that the defendant was in custody at the time the statements were made. He had been handcuffed at the scene of the accident and was attended by a police officer while at the hospital. The ultimate question is whether the defendant was being interrogated within the meaning of *Miranda* at the time he made the statements at issue. *Miranda v. Arizona,* 384 U.S. 436, 467–68 (1966).

■■ It is clear from our reading of the record that the exchange between Officer Queen and the defendant did not occur prior to the implied consent law questioning, as suggested by the defendant, but rather occurred as a part of it. The nature of the exchange was precisely that required by the implied consent law, and was in no way calculated to produce an incriminating response. Accordingly, the outcome of this case is controlled by our recent holding in *State v. Goding,* 128 N.H. 267, 513 A.2d 325 (1986). In *Goding,* we held that implied consent questioning is not "interrogation" which must be preceded by *Miranda* warnings. *Id.* at 274, 513 A.2d at 330. *See also South Dakota v. Neville,* 459 U.S. 553, 564 n.15 (1983). We further held that "voluntary admissions, comments, or explanations spoken in response to implied consent law questioning are admissible as evidence in criminal trials." *Goding, supra* at 274, 513 A.2d at 331. In the present case, the defendant's statements were unsolicited comments, or explanations, spoken in response to

 497

implied consent law questioning; they were thus admissible as evidence in his trial on the negligent homicide charge.

Since we find that the trial court properly admitted the statements into evidence, we need not consider the arguments raised by the defendant on the issue of harmless error. *See State v. Munson*, 126 N.H. 191, 193, 489 A.2d 646, 647 (1985). Further, because federal law provides no greater protection to the defendant, we need not separately address the merits of the defendant's claim under the Federal Constitution. *See South Dakota v. Neville supra.*

*Affirmed.*

All concurred.