Coos
No. 91-274

THE STATE OF NEW HAMPSHIRE

v.

ERNEST LEMIEUX

November 4, 1992

*John P. Arnold,* attorney general (*Tina L. Nadeau,* assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant, Ernest Lemieux, was convicted after a jury trial in Superior Court (*Smith*, J.) of four counts of aggravated felonious sexual assault, RSA 632-A:2, XI, and one count of felonious sexual assault, RSA 632-A:3, III, all committed against his daughter. On appeal, the defendant argues: (1) that the indictments charging violations of RSA 632-A:2 were infirm for alleging he acted "knowingly" rather than "purposely"; and (2) that the trial court erred in allowing a witness to testify indirectly that she believed the victim had been sexually assaulted by the defendant. We affirm.

In 1989, the defendant, his wife, and their eight-year-old daughter lived in an apartment in Berlin. The defendant's wife left for work each day at 6:30 a.m., and his daughter, the victim, left for school between 7:30 and 7:50 a.m. According to the victim, sometime after Christmas 1989 and continuing through the following April, the defendant regularly engaged in sexual conduct with her between the time her mother left for work and when she went to school. The defendant threatened to hurt the victim if she ever revealed to anyone what he was doing, and he told her that no one would believe her because she had lied before.

The victim eventually developed a rash on her inner thighs and on her vagina. In the defendant's presence, the victim's mother said she would take the victim to the hospital if the rash worsened. The defendant then discontinued the assaults for two weeks. Shortly after he resumed the assaults, the victim told her mother about them. On April 10, 1990, Joanne Losee, a child protection service worker employed by the State Division for Children and Youth Services (DCYS), received an abuse complaint. Ms. Losee, together with a juvenile services officer with the Berlin Police Department, conducted an interview of the victim.

The first issue raised on appeal concerns the requisite mental state for conviction of aggravated felonious sexual assault. The State contends initially that the defendant waived any such challenge to the indictment by not raising it until after trial by way of a motion to set aside the verdict. "Assuming *arguendo* that the motion was timely," *State v. Mansfield*, 134 N.H. 287, 291, 592 A.2d 512, 515 (1991) (indictment challenge in motion for judgment notwithstanding the verdict), the defendant cannot prevail; we have recently decided the issue against him. *See State v. Ayer*, 136 N.H. 191, 612 A.2d 923

(1992) (requisite mental state for aggravated felonious sexual assault is "knowingly").

Next, the defendant argues that the trial court erred in permitting the prosecution to elicit from the DCYS worker, Ms. Losee, her opinion that the victim was credible. At trial, after a bench conference at which the defendant's objections to the anticipated questions were overruled, Ms. Losee testified as follows:

"Q. As a result of your interview of the— [victim], did you make a determination as to whether or not she had been subjected to abuse?

A. Yes, I did.

Q. And as a result of that, did you take steps in order to protect her and avoid any further abuse?

A. Yes, I did."

Acknowledging that the witness had not been qualified as an expert, the State concedes that this testimony was inadmissible lay opinion evidence because "[t]hrough that testimony Losee indirectly conveyed her belief that the victim's account was credible." The State maintains, however, that the error in admitting the testimony was harmless beyond a reasonable doubt.

The defendant argues that the error was not harmless because the prosecution rested on the victim's credibility and the testimony at issue impermissibly bolstered that credibility. We do not believe, however, that the testimony was of such character as to have contributed to the jury's findings of guilt. Unlike the opinion testimony we held to constitute reversible error in *State v. Reynolds*, 136 N.H. 325, 615 A.2d 637 (1992), the testimony here was not directed to a specific inconsistency in the victim's testimony in an effort to explain it. Additionally, although Ms. Losee's testimony implied that she believed the victim, other testimony to the same effect had already been introduced without objection. When asked if she had made a judgment, based on her interview with the victim, relative to the child's safety, Ms. Losee answered, "I determined that she was at risk and that I needed to continue in my responsibilities to provide for her safety." Thus, even if the testimony at issue had been excluded, the jury would nonetheless have had the witness's opinion before it. The testimony at issue was therefore merely cumulative. *Cf. State v. Kenna*, 117 N.H. 305, 309, 374 A.2d 427, 430 (1977).

Moreover, the evidence most damaging to the defendant was the victim's description, in vivid detail, of the various sexual acts that

the defendant forced her to perform on a regular basis. Viewed next to the strength of this testimony, Ms. Losee's opinion testimony was inconsequential. Our review of the record convinces us beyond a reasonable doubt that the opinion testimony did not affect the verdict, and its introduction into evidence was harmless error. *See State v. Anctil*, 134 N.H. 623, 626, 598 A.2d 213, 215 (1991) (victim's descriptive account of sexual assaults, not erroneously admitted opinion testimony, led to verdict).

*Affirmed.*

All concurred.