Grafton
No. 95-051

THE STATE OF NEW HAMPSHIRE

v.

RONALD S. ANDERSON

July 2, 1996

*Jeffrey R. Howard,* attorney general (*Patrick E. Donovan,* assistant attorney general, on the brief and orally), for the State.

*Joachim Barth,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Ronald S. Anderson, appeals his conviction, following a jury trial in Superior Court (*Abramson,* J.), of driving while intoxicated, subsequent offense. *See* RSA 265:82, I(a) (1993) (amended 1995); RSA 265:82-b, I(b) (1993). We affirm.

The defendant was pulled over after a local police officer observed him driving erratically in Bethlehem. He did not respond to the officer's questions about his driving. The officer smelled alcohol on his breath; upon inquiry, the defendant admitted that he had been drinking. When the defendant was unable to produce a driver's license, the officer notified the State Police.

A State police officer administered four field sobriety tests, which the defendant did not complete successfully. After smelling a "strong odor" of alcohol, observing the defendant's "extremely glassy" and "distant" eyes, and noticing that the defendant spoke with a "slight slur," the officer concluded that the defendant was impaired and arrested him for DWI.

During the trial, the State police officer who performed the field sobriety tests and first informed the defendant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), testified that the defendant had refused to take a breath test. The prosecutor then asked whether the defendant said "anything further after that," to which the officer replied:

> At this time I Mirandized Mr. Anderson, and he never acknowledged his Miranda rights. In other words, at this point I would not ask him any more questions. He was read his Miranda twice, he refused to answer. He just stared at me. My observations of his stare wasn't somebody just looking at me curiously; it appeared to be *very defiant.*

(Emphasis added.)

Defense counsel objected, arguing that the reference to the defendant's silence after being read his *Miranda* rights violated the due process protections described by the United States Supreme Court in *Doyle v. Ohio*, 426 U.S. 610 (1976). The trial judge overruled the objection and denied defense counsel's request for an immediate curative instruction, characterizing the testimony not as a constitutional violation, but rather as a continuation of the officer's description of the defendant's demeanor during the arrest.

On appeal, the defendant argues under the State and Federal Constitutions that this reference to his post-*Miranda* silence violated his due process rights. We analyze his claim first under the New Hampshire Constitution, citing federal cases only as an aid to our analysis. *See State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983). Because the State Constitution is at least as protective as the Federal Constitution in this area, we need not reach the federal issue. *See Wainwright v. Greenfield*, 474 U.S. 284, 294–95 (1986); *State v. Laurie*, 135 N.H. 438, 442, 606 A.2d 1077, 1079, *cert. denied*, 506 U.S. 886 (1992).

In *Doyle v. Ohio*, 426 U.S. at 619, the United States Supreme Court held that the use of a defendant's silence, after having been read the *Miranda* warnings, violated due process. This was because of the inherent ambiguity of post-arrest silence in light of the content of the warnings, *id.* at 617, and because, even though the warnings contain no express promise that "silence will carry no penalty, such assurance is implicit to any person who receives the warnings." *Id.* at 618.

We need not decide whether the reference in this case was error under *Doyle* and *State v. Munson*, 126 N.H. 191, 193, 489 A.2d 646, 647 (1985), because even if it was erroneous, it was harmless.

170

*See State v. Welch*, 120 N.H. 687, 688, 421 A.2d 142, 142–43 (1980). To determine that an error was harmless, we must conclude "beyond a reasonable doubt that the inadmissible evidence did not affect the verdict." *Id.* (quotation omitted). After consideration of the other evidence at trial and the character of the challenged evidence, we may conclude that an error is harmless when "the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight." *State v. Vandebogart*, 139 N.H. 145, 158, 652 A.2d 671, 679 (1994) (quotations and citations omitted).

The challenged evidence was harmless. Two officers at trial testified to having smelled alcohol on the defendant's breath, and the defendant admitted to having been drinking. The defendant was pulled over because of his erratic driving. A State police officer testified to the defendant's glassy eyes, slurred speech, lack of motor coordination, and either inability or refusal to comprehend basic instructions. When the defendant testified, he offered strained explanations for his failure of the field sobriety tests; for example, he testified that he stopped at the letter "P" when asked to recite the alphabet because he was unsure whether he had been instructed to recite the alphabet all the way to "Z." *Cf. Fields v. Leapley*, 30 F.3d 986, 991 (8th Cir. 1994) (concluding that *Doyle* violation was not harmless where certain factors were met, including a defense that "was not patently frivolous"). There is very strong alternative evidence of the defendant's guilt, and, despite the absence of curative action taken by the trial court, *see Munson*, 126 N.H. at 193, 489 A.2d at 647, the error, if any existed, was harmless beyond a reasonable doubt. *See Welch*, 120 N.H. at 688, 421 A.2d at 142–43.

*Affirmed.*

All concurred.