Strafford
No. 94-850

### THE STATE OF NEW HAMPSHIRE

v.

### RAYMOND F. HENNESSEY

July 10, 1997

*Jeffrey R. Howard*, attorney general (*Jeffrey S. Cahill*, assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Concord (*Mark L. Sisti* on the brief and orally), for the defendant.

THAYER, J. The defendant, Raymond F. Hennessey, appeals his conviction after a jury trial in Superior Court (*Mohl*, J.) on one indictment for aggravated felonious sexual assault on a child under thirteen years of age, RSA 632-A:2, I(*l*) (1996), and three indictments for felonious sexual assault on a child other than his legal spouse who is thirteen years of age or older and under sixteen years of age, RSA 632-A:3, II (1996). We affirm.

The victims are two brothers who regularly attended the defendant's summer camp in Alton. The older brother began frequenting the camp in 1986, when he was eleven years old. The younger brother began visiting the camp approximately two years later, also when he was about eleven years old. The camp was on a lake, and the boys participated in various water sports such as swimming, water-skiing, and canoeing. They also performed chores around the camp such as painting and landscaping. They spent most summer weekends at the camp and occasionally visited during the school year. Meals were provided, and the boys testified that the defendant made beer available to them. They also testified that the defendant played movies for them, including sexually explicit videos. The older brother described two of these videos. One, entitled "Innocence Lost," involved several people having sexual intercourse in what appeared to be a playground setting. In the other, two men engaged in sexual intercourse by a counter in a pizza restaurant. The younger brother described a "sex video" involving two men on a picnic table by a campfire. He testified that he saw "a lot" of such videos. Both brothers testified that they watched pornographic videos nearly every weekend they were at the camp.

The defendant was charged with committing six sexual assaults against the brothers at the defendant's home in Dover. The older brother testified that on one occasion when he was thirteen he engaged in anal intercourse with the defendant in the defendant's living room. He recounted that, in the presence of his younger brother, he anally penetrated the defendant with his penis and

ejaculated. The next two assaults occurred on a January day when school was cancelled on account of snow. A school administrator testified that the only snow day that occurred in January of 1989, 1990, or 1991, the possible years raised by the victims' testimony, was in January 1990, the month alleged in the indictments. The boys' mother corroborated the January 1990 date. On the day in question the younger brother was twelve years old. The defendant picked the boys up at their home and took them to clear snow from his walkway and driveway. Upon finishing this task, they went inside the defendant's house, where each boy, in the other's presence, performed anal sex on the defendant and ejaculated.

The next charged assault allegedly occurred in February 1990, when the younger brother went to the defendant's house to change storm windows. The boy testified that he had anal intercourse with the defendant on his couch.

In March 1991, the brothers moved to California with their mother. The defendant or his employee arranged for the boys to return to New Hampshire for the summer. During this time, the younger brother went to the defendant's house on two separate occasions to do chores, including painting a porch. He testified that while at the house he engaged in both anal and oral sex with the defendant in his brother's presence.

The jury convicted the defendant on four of the six charges: the two sexual assaults on the brothers in January 1990 and the two on the younger brother in the summer of 1991. The jury acquitted the defendant on the charges involving the older brother when he was thirteen and the younger brother in February 1990. The defendant was sentenced to three-and-a-half to seven years in prison for each of the three felonious sexual assault convictions, *see* RSA 651:2, II(b) (1996), to be served concurrently. For the aggravated felonious sexual assault on the younger brother in January 1990, the defendant was given an extended sentence of ten to thirty years, *see* RSA 651:6, I(f), II(a) (1996), consecutive to the other sentences.

On appeal, the defendant argues that the trial court erred by: (1) failing to sever the charges involving the two brothers; (2) allowing the jury to view portions of a sexually explicit videotape seized at the camp; (3) allowing the victims to testify that the defendant made alcohol available to them at camp; (4) allowing the State to introduce hearsay testimony; (5) failing to dismiss all charges at the conclusion of the State's case; (6) failing to direct verdicts of not guilty; (7) failing to instruct the jury that the State must prove beyond a reasonable doubt the time frames alleged in the indictments; and (8) enhancing the defendant's sentence based on the age of the victim,

when age had already been used as the aggravating circumstance justifying the charge of aggravated felonious sexual assault.

■ ■ The defendant first argues that the trial court erred by failing to sever the charges. A trial court's decision to consolidate charges will not be disturbed on appeal absent an abuse of discretion. *State v. Bergmann*, 135 N.H. 97, 101, 599 A.2d 502, 505 (1991). Consolidation is likely appropriate when the charges are related or apparently part of a common scheme. *See State v. Manna*, 130 N.H. 306, 310, 539 A.2d 284, 286 (1988). In reviewing the trial court's determination, "we must ask whether the evidence in support of each offense was brief, simple and unlikely to confuse a jury, and easily referable to each crime." *State v. Cote*, 129 N.H. 358, 367, 530 A.2d 775, 780 (1987). The critical inquiry is whether "the defendant's right to a fair trial was jeopardized by non-severance." *State v. Winders*, 127 N.H. 471, 473, 503 A.2d 798, 799 (1985).

The evidence in support of the charges was brief and simple. In all, the State presented only five witnesses and the defendant four. *Cf. Cote*, 129 N.H. at 367, 530 A.2d at 780 (consolidation upheld where State called ten witnesses and defense eleven). The evidence consisted mainly of direct testimony by the victims concerning both their relationship with the defendant and the specific assaults, along with testimony by investigating police officers. *See id.* The boys testified separately and distinctly about each of the six charged assaults. Although at times they expressed confusion as to the dates of the assaults, their testimony was easily referable to each offense charged in the indictments. The facts the State had to prove to establish each separate offense were not complicated and were unlikely to confuse the jury. Moreover, the charges themselves were closely related, with much of the same evidence tied to assaults on both brothers. *See Manna*, 130 N.H. at 310, 539 A.2d at 286. The January 1990 assaults occurred in the same place at the same time, with both victims present. The brothers corroborated each other's testimony regarding these assaults as well as their experiences at camp and their relationship with the defendant. Testimony from the boys' mother and the school administrator also corroborated the accounts of both victims on important points.

■ The trial court instructed the jury to consider each indictment separately and not to let its decision on one influence its decision on the others. We presume the jurors followed these instructions. *See Cote*, 129 N.H. at 368, 530 A.2d at 780. The verdicts of not guilty on two of the six charges indicate that the jury did in fact evaluate the charges separately. *See id.* We hold that the

defendant's right to a fair trial was not abridged by the joinder of the charges and that the trial court did not abuse its discretion by denying the defendant's motion to sever.

The defendant next argues that the trial court erred in publishing for the jury portions of a pornographic videotape entitled "The Pizza Boy, He Delivers," in violation of New Hampshire Rules of Evidence 403 and 404(b). This videotape, which was seized at the defendant's camp, was admitted as evidence of the defendant's "plan" or "preparation" to commit the charged offenses; the court specifically instructed the jury to consider it for that purpose only. *See* N.H. R. Ev. 404(b). The defendant does not challenge on appeal the admissibility of the boys' testimony that the defendant played pornographic videos for them at camp. We therefore do not treat his objection to the playing of the video segment as a challenge to the relevancy of the underlying fact that the defendant exposed them to pornography or to the sufficiency of the proof establishing that fact. *Cf. State v. Whittaker*, 138 N.H. 524, 526, 642 A.2d 936, 938 (1994) (identifying requirements for admission of prior bad acts evidence). Rather, we regard him as arguing only that the probative value of the video was substantially outweighed by its prejudicial impact on the jury. *See id.*

The balancing test for determining whether the prejudicial effect of prior bad acts evidence substantially outweighs its probative value is the same whether analyzed under Rule 403 or Rule 404(b). *See State v. Marti*, 140 N.H. 692, 694, 672 A.2d 709, 711 (1996).

> Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

*State v. McGlew*, 139 N.H. 505, 510, 658 A.2d 1191, 1195 (1995) (quotation and emphasis omitted). "The trial court is accorded considerable deference in its determination of whether the prejudice substantially outweighs the probative value," *State v. Tarsitano*, 134 N.H. 730, 735-36, 599 A.2d 474, 477 (1991) (quotation omitted), and we will not disturb its decision absent an abuse of discretion, *Marti*, 140 N.H. at 694, 672 A.2d at 711.

The State argued, and the trial court found, that exposure of the boys to pornography was admissible under Rule 404(b) as evidence

of a plan to condition the boys to regard the sexual behavior here at issue as normal. As in *State v. Castine*, 141 N.H. 300, 681 A.2d 653 (1996), "[t]he display of pornography was an integral part of the defendant's plan to 'groom' the victim[s] to submit to his advances." *Id.* at 305, 681 A.2d at 657. The defendant contends that there was no need for the State to introduce such inflammatory proof of a plan because the trial court could have allowed testimony from the complainants regarding the viewing of pornography. We disagree. The victims' testimony that the defendant exposed them to pornography did not eliminate the video's probative value. As in *Castine*, the victims' general descriptions of the pornography did not adequately convey its graphic nature, *id.* at 306, 681 A.2d at 657, an appreciation of which was necessary for the jury to understand the effect it could have on the boys.

■ Although the challenged evidence was undoubtedly prejudicial, as is all incriminating evidence, we cannot say that its prejudicial effect substantially outweighed its probative value. *See State v. Seymour*, 140 N.H. 736, 743-44, 673 A.2d 786, 793, *cert. denied*, 117 S. Ct. 146 (1996). The jury had already heard the boys testify about the defendant's near weekly screening of pornographic videos. In addition, the trial court took pains to minimize any unnecessary prejudicial effect. *Cf. id.* at 744, 673 A.2d at 793 (cautioning trial judges to avoid unnecessary prejudice). The State was permitted to pick one video from the several seized at the defendant's camp and to play a segment not exceeding five minutes in length. In actual fact, the video was played briefly in "real time" as two male actors conversed about their sexual appetites and was then fast-forwarded for three minutes and fifty-two seconds as the actors engaged in fellatio and anal sex. We cannot say that admission of this brief excerpt, the graphic portions of which were fast-forwarded, was an abuse of discretion.

■ The defendant challenges the foundation of the video, arguing that the State never established that the boys viewed it prior to the charged offenses. This argument is of no moment. The earliest charged assaults occurred on the older brother at age thirteen and the younger brother at age twelve. Both boys testified that they began frequenting the camp at age eleven and that they watched pornographic videos, including one with two men having sex in a pizza parlor, nearly every weekend they were at the camp. The victims' testimony sufficiently establishes that they were exposed to pornography such as that played for the jury prior to any of the charged offenses. For purposes of Rules 403 and 404(b), this

similarity of type was sufficient. *See State v. Dalphond*, 133 N.H. 827, 831, 585 A.2d 317, 320 (1991).

At a pretrial hearing in this case, both brothers testified that they drank alcohol at the camp and that the defendant knew about and did not discourage their drinking. They also testified that the consumption of alcohol in Alton did not lead to the events in Dover. The State explained in some detail its rationale for seeking to admit this evidence under Rule 404(b). *See McGlew*, 139 N.H. at 509-10, 658 A.2d at 1195. Essentially, it argued that provision of alcohol was part of the defendant's plan to create a "climate" in which the boys would be more receptive to sexual overtures.

The trial court admitted the evidence as relevant to help the jury understand "the relationship that existed over apparently a fairly lengthy period of time between the defendant and these two young boys." The court instructed the jury to consider the boys' testimony only as evidence of the defendant's "relationship" with the brothers and not as evidence of character or propensity. The court also found that the evidence was "not highly prejudicial to the defendant" and that any prejudice did not substantially outweigh its probative value.

 Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Prior bad acts evidence is admissible if: (1) it is relevant for a purpose other than showing the defendant's character or disposition; (2) there is clear proof that the defendant committed the act; and (3) the prejudice to the defendant does not substantially outweigh the probative value of the evidence. *Whittaker*, 138 N.H. at 526, 642 A.2d at 938. "The decision to admit 'bad acts' evidence lies within the trial court's sound discretion and will be overturned only if the defendant can show that the decision was clearly untenable or unreasonable to the prejudice of his case." *McGlew*, 139 N.H. at 507, 658 A.2d at 1193. The defendant challenges the admission of the evidence under the first and third prongs.

 We need not decide whether the admission of the evidence to show relationship was error under Rule 404(b), because even if it was erroneous, the error was harmless. *See State v. Anderson*, 141

N.H. 168, 169, 679 A.2d 583, 584 (1996). The State bears the burden of proving harmless error, and "this burden is met only if we can conclude beyond a reasonable doubt that the evidence did not affect the verdict." *State v. Silk*, 138 N.H. 290, 291, 639 A.2d 243, 244 (1994).

> The evaluation of whether this standard has been achieved involves consideration of the alternative evidence presented at trial, and of the character of the inadmissible evidence itself. An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.

*State v. Vandebogart*, 139 N.H. 145, 157-58, 652 A.2d 671, 679 (1994) (quotations and citations omitted).

In this case, the probative strength of the alternative evidence presented by the State was considerable. *See State v. Lemieux*, 136 N.H. 329, 331-32, 615 A.2d 635, 636 (1992). This evidence included detailed testimony from both victims regarding their visits to the defendant's home in Dover, including various chores they performed there for the defendant, and the several sexual assaults with which the State charged the defendant. The boys also testified about the frequent showing of pornographic videos at the camp. Each corroborated the other's testimony in many instances, including identification of the defendant as the person who committed the assaults against them.

As against the probative force of the State's alternative evidence, the testimony at issue was inconsequential. The character of the challenged conduct — making alcohol available to the boys at the camp in Alton — bore no similarity to the charged sexual acts. *Cf. Whittaker*, 138 N.H. at 530, 642 A.2d at 940 (error not harmless when prosecutor drew on similarities between prior incident and charged offense in closing argument). The State did not ask the jury to infer that because the defendant had previously supplied alcohol to underage boys at the camp, he did so on the occasions charged. The prior conduct, moreover, was not of a kind likely to have a significant prejudicial impact. *Cf. Marti*, 140 N.H. at 695, 672 A.2d at 711 (discussing prejudicial impact of evidence of prior sexual assaults when defendant was charged with sexual assault).

We note also that the trial testimony about the prior conduct was unobtrusive. The State elicited each boy's testimony regarding alcohol during questioning about the Alton camp and the activities

that occurred there. The testimony was not "lengthy, comprehensive, [or] directly linked to a determination of the guilt or innocence of the defendant." *State v. Cressey*, 137 N.H. 402, 411, 628 A.2d 696, 702 (1993). Nor did the prosecutor call particular attention to this testimony in closing argument; rather, he simply mentioned the alcohol as one of the many activities that made the camp "fun" for the boys, along with water-skiing, boating, and tubing.

■ Given the strength of the alternative evidence offered by the State at trial, the inconsequential nature of the evidence at issue, and the manner in which that evidence was introduced, we are persuaded, beyond a reasonable doubt, that the admission of this testimony at trial did not affect the verdict. *See Vandebogart*, 139 N.H. at 158, 652 A.2d at 679. Accordingly, the error, if it existed, was harmless. *See Anderson*, 141 N.H. at 169, 679 A.2d at 584; *Lemieux*, 136 N.H. at 331-32, 615 A.2d at 636.

The defendant next maintains that the trial court erred by permitting hearsay testimony through cross-examination of Dover Police Detective Jeff Mutter. Detective Mutter testified to out-of-court statements contained in three offense reports he prepared. He testified to (1) the dates of the offenses, and (2) hospitalization of the younger child because of mental anguish. Detective Mutter did not receive this information from personal interviews with the children, but primarily from Somersworth Police Detective Arthur Williams who conducted interviews with the children.

■ "Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted." *State v. Cole*, 139 N.H. 246, 249, 652 A.2d 1204, 1206 (1994); *see* N.H. R. Ev. 801(c). While hearsay statements are generally inadmissible, we have long recognized the common law rule that a prior consistent statement is admissible for the nonsubstantive use of rehabilitating a witness's credibility. *See State v. Martin*, 138 N.H. 508, 514-15, 643 A.2d 946, 950 (1994); *Allstate Ins. Co. v. Chatigny*, 103 N.H. 81, 85, 166 A.2d 122, 125 (1960). "The admissibility of a prior consistent statement, for use in rehabilitating a witness's credibility, is a matter wholly within the discretion of the trial court." *State v. Morales*, 136 N.H. 616, 619, 620 A.2d 1034, 1036 (1993) (quotation omitted).

■ Throughout the trial, defense counsel highlighted inconsistencies between the victims' testimonies in court and police reports prepared by Detective Mutter. As a result, the trial judge ruled that the State could question Detective Mutter about the three offense reports "for purposes of rehabilitating [the victims'] credibility

which has been attacked." The information contained in the offense reports was consistent with previous testimony by the victims. Furthermore, the trial judge "issued an unambiguous limiting instruction to explain to the jury the limited, rehabilitative purpose of the testimony." *Martin*, 138 N.H. at 515, 643 A.2d at 950 (quotation omitted).

The trial judge stated:

> [T]he examination you're hearing now by Mr. Soldati regarding these reports and statements which may have been made to officers by the two [] boys, that is not offered to prove the truth of the contents of the statements. It's offered . . . for purposes of determining the credibility of the two [] boys who testified before you in this case.

Given the repeated attacks on inconsistencies between the victims' testimonies and the police reports, we cannot say that the trial court's admission of rehabilitative testimony on cross-examination was an abuse of discretion. *See Martin*, 138 N.H. at 514-15, 643 A.2d at 950; *Morales*, 136 N.H. at 619, 620 A.2d at 1036.

The defendant's remaining three arguments challenging his convictions rely in part on *State v. Williams*, 137 N.H. 343, 629 A.2d 83 (1993). In *Williams*, we reiterated our longstanding position that "[t]ime is not an element of aggravated felonious sexual assault." *Id.* at 346, 629 A.2d at 85. We concluded, however, that when the State alleges a time frame in an indictment and the defendant raises a defense based on lack of opportunity within that time frame, the State must prove that the offense occurred within the alleged time frame. *Williams*, 137 N.H. at 346, 629 A.2d at 85.

 The defendant in this case claims that he raised a time-based defense. We disagree. The defendant did not introduce any evidence tending to show a lack of opportunity to commit the offenses during the alleged time frames. *See State v. Carter*, 140 N.H. 114, 119, 663 A.2d 101, 104 (1995) (evidence serving "mainly to impeach certain aspects of the victim's testimony" not a time-based defense under *Williams*). Rather, the evidence which he asserts constituted a time-based defense consisted only of testimony aimed at undermining the victims' credibility. *See id.*

With regard to the January 1990 assaults, the defendant's son and a mechanic testified that the defendant's snowblower was broken during the month of January 1990, in contradiction to the victim's testimony that they used the snowblower on the day of the January assaults. The victims also had difficulty in pinpointing the exact year

in which those assaults occurred. With regard to the assaults on the younger brother in the summer of 1991, the defendant notes that the victim at one point seemed to indicate that the assaults occurred in August 1992. None of this testimony tended to show a lack of opportunity to commit the charged crimes, but rather called into question the credibility of the victims. "[I]t is the province of the jury to evaluate the credibility of witnesses and give their testimony appropriate weight." *State v. Simpson*, 133 N.H. 704, 707, 582 A.2d 619, 621 (1990). We conclude that the defendant did not present a time-based defense as contemplated by *Williams*, and "[a]ccordingly, the State was not required to prove the time of the assaults." *Carter*, 140 N.H. at 119, 663 A.2d at 104.

■■■ With this conclusion the defendant's next three arguments fail. He argues that the trial court erred by failing to dismiss all charges at the conclusion of the State's case. A motion to dismiss in a criminal case should be granted when "the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged." *In re Three Video Poker Machines*, 129 N.H. 416, 420, 529 A.2d 905, 908 (1987) (quotation and emphasis omitted). Essentially, his argument is that the State's evidence was insufficient on the issue of time. The trial court instructed the jury that "[t]he State must prove beyond a reasonable doubt that the offenses occurred on or about the dates alleged." *See State v. Perkins*, 70 N.H. 330, 331-32, 47 A. 268, 269 (1900). Both brothers testified that the January assaults occurred on a snow day, and they both specifically identified January 1990, although at other points they mentioned 1989 and 1991. Their mother stated that the defendant picked them up on a snow day in January 1990, and a school administrator testified that the only January snow day in those three years occurred in 1990. The younger brother testified that the summer 1991 assaults, charged in the indictments as July 1991, occurred in July or early August 1991. This evidence was more than sufficient to survive the defendant's motion to dismiss.

For similar reasons the trial court properly denied the defendant's motion for a directed verdict, which was also based on alleged deficiencies in the State's proof of time. Nor did it err, given our determination that the defendant failed to present a time-based defense under *Williams*, in refusing to give the defendant's proposed instruction that "[t]he State must prove beyond a reasonable doubt that the offense claimed in each indictment occurred within the time period stated in each indictment."

■ The defendant lastly challenges his extended sentence of ten to thirty years for aggravated felonious sexual assault. He argues that the imposition of an extended sentence based on the age of the victim, see RSA 651:6, I(f), violates the protection against double jeopardy found in part I, article 16 of the New Hampshire Constitution because the victim's age had already been used to elevate the offense from a class B felony to a class A felony. Compare RSA 632-A:3 with RSA 632-A:2, I(l). In Heald v. Perrin, 123 N.H. 468, 464 A.2d 275 (1983), on which the defendant relies, we vacated a conviction and sentence for felonious use of a firearm, see RSA 650-A:1 (1996), because the use of a gun had already been used to increase the offense of robbery from a class B to a class A felony. See id. at 473, 464 A.2d at 278-79; see also State v. Houtenbrink, 130 N.H. 385, 392, 539 A.2d 714, 719 (1988). The defendant similarly characterizes his conviction for aggravated felonious sexual assault as an enhancement from felonious sexual assault based on the victim's age, and his extended sentence as a second enhancement also based on the victim's age. This argument must fail.

In both Heald and Houtenbrink, the complainant was twice convicted and twice sentenced, with the second conviction and sentence based on the felonious use of a firearm for which the first conviction and sentence had already been enhanced. Heald, 123 N.H. at 470, 464 A.2d at 276; Houtenbrink, 130 N.H. at 392, 539 A.2d at 719. In the instant case, the defendant has been convicted once under RSA 632-A:2, I(l) and sentenced once under RSA 651:6, I(f). The critical distinction is that RSA 651:6 merely provides an alternative extended sentence for certain offenses which the trial court may impose provided certain criteria are met, and not an additional offense and sentence based on a circumstance already used to elevate another offense. See State v. MacLeod, 141 N.H. 427, 685 A.2d 473 (1996). That the legislature chose to include among those crimes eligible for an extended sentence sexual assaults committed against a person under thirteen years of age is its prerogative. Cf. Heald, 123 N.H. at 475, 464 A.2d at 279 (noting that legislature could provide more serious penalty for robbery while armed with a firearm without violating double jeopardy).

*Affirmed.*

All concurred.