Belknap
No. 97-090

STATE OF NEW HAMPSHIRE

v.

DANIEL HODGDON

March 5, 1999

*Philip T. McLaughlin*, attorney general (*Malinda R. Lawrence*, assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. After a jury trial in Superior Court (*Smukler*, J.), the defendant, Daniel Hodgdon, was convicted of two counts of aggravated felonious sexual assault, RSA 632-A:2 (1996) (amended 1997, 1998), and one count of felonious sexual assault, RSA 632-A:3 (1996) (amended 1997). On appeal, he argues that the trial court should have excluded the testimony of the victim's pediatrician, and that the evidence was insufficient to support the convictions. We affirm.

I

The following evidence was adduced at trial. On February 9, 1996, the victim, then age six, and her brother, then age ten, accompanied their mother and stepfather to Lake Winnepesaukee in Meredith to

spend the weekend in a "bobhouse" with family and friends. The group included the defendant, the brother of the children's stepfather. That night, the defendant stayed with the children while their mother, stepfather, and the others went out for the evening.

At bedtime, the victim climbed into a bunk bed. The defendant then stated he wanted to give her a good night kiss. At trial, the victim described how he jumped into her bed, touched her below the waist, and engaged in oral contact with her vagina. The victim's brother also testified to witnessing the defendant rubbing his sister "[b]etween the legs." Later that evening, when the victim's brother was riding a snowmobile with his stepfather, he disclosed that he had seen the defendant "rubbing [the victim] in the wrong way."

While the victim's brother was snowmobiling, the victim was alone with the defendant. She testified that, during that time, the defendant forced her to have oral contact with his penis. The defendant instructed her not to tell anyone about the assaults.

The next morning, the victim disclosed the assaults to her mother. Her mother and stepfather discussed the allegations made by the victim and her brother and, a few days later, reported the assaults to the Meredith police. A week after the assaults, the victim was taken to a pediatrician for a physical examination, which revealed no physical manifestations of abuse. The defendant was convicted of three counts of sexual assault, and this appeal followed.

## II

We first address the defendant's argument that the trial court erred in admitting the pediatrician's testimony. Prior to trial, the defendant filed a motion *in limine* seeking to exclude the pediatrician's testimony, reports, and office notes. The motion was denied and the doctor was permitted to testify. On appeal, the defendant argues that the trial court should have excluded the pediatrician's testimony because he improperly commented on the victim's credibility and offered speculative opinions not grounded in objective findings of sexual abuse.

The State argues that the defendant's credibility objection was not preserved for appellate review. We agree. To preserve an issue for appeal, a defendant must make a contemporaneous and specific objection. *State v. Ryan*, 135 N.H. 587, 588, 607 A.2d 954, 955 (1992). "Any objection not raised at trial is deemed waived." *Id.*

The defendant's pretrial motion sought to exclude the pediatrician's testimony on the basis that it was too speculative. Specifically, the defendant argued that the doctor should not have been allowed

to offer an opinion on sexual abuse because his physical examination of the victim revealed no objective findings of abuse. The motion *in limine* was silent on the credibility issue the defendant now advances on appeal, and no objection was made to the doctor's testimony at trial. *See State v. Chick*, 141 N.H. 503, 505, 688 A.2d 553, 555 (1996).

 The record reflects that, at the hearing on the motion *in limine*, the defendant expressed his general dissatisfaction with the denial of his motion and the admission of the doctor's testimony, and that the court responded, "Your issue is preserved on that basis." The defendant argues that his general objection to the admission of the doctor's testimony preserved his specific credibility objection. We, however, interpret the court's response as merely recognizing that the specific ground raised in his motion would be preserved on appeal. *See State v. Eldredge*, 135 N.H. 562, 564-65, 607 A.2d 617, 618-19 (1992). Accordingly, because the defendant never objected to the doctor's testimony on the basis that the doctor was improperly bolstering the victim's credibility, we hold that the credibility objection was not preserved for our review. *See id.*

We next address the defendant's argument that the doctor's testimony was inadmissible speculation. *See* N.H. R. EV. 702. At trial, the doctor testified that he had examined the victim "for evaluation of possible sexual abuse," during which the victim recounted details of the assaults. The doctor concluded that "her genital examination was completely normal." He further stated that "[t]he history that she gave involving touching or licking or kissing does not generally cause any physical abnormalities that I could see, particularly since this was I believe a week after." The doctor opined that "[t]he medical diagnosis of sexual abuse usually is determined by the history which the child gives," and "in this case her history was diagnostic of sexual abuse, and a normal physical examination was consistent with the historical statements that she made." On cross-examination, the doctor acknowledged that a normal physical examination was also consistent with no abuse.

We agree with the State that even if the doctor's testimony was speculative and should have been excluded, the error was harmless. *See State v. Hennessey*, 142 N.H. 149, 157, 697 A.2d 930, 936 (1997).

> The State bears the burden of proving that an error is harmless, a burden satisfied by proof beyond a reasonable doubt that the erroneously admitted evidence did not affect the verdict. In deciding whether the State has met its burden, we consider the strength of the alternative evi-

· dence presented at trial. We also consider the character of the inadmissible evidence, including whether the evidence was cumulative or inconsequential in relation to the State's evidence.

*State v. Thibedau*, 142 N.H. 325, 329, 702 A.2d 299, 301 (1997) (citations omitted).

▮ Given the totality of the evidence in this case, we conclude that admitting the doctor's testimony over the defendant's objection that it was speculative was harmless beyond a reasonable doubt. *See Hennessey*, 142 N.H. at 159, 697 A.2d at 937. The victim, who was six years old at the time of the assaults and seven at the time of trial, graphically described the assaults using age-appropriate language. Her testimony was supplemented by illustrations she made through the use of diagrams, and was further substantiated by the eyewitness testimony of her brother and the testimony of other witnesses, particularly the lieutenant who interviewed the victim shortly after the assaults. The doctor's testimony was relatively brief and comprised only a small part of the State's case. Moreover, the doctor did not examine the victim until a week after the assaults. Therefore, given the nature of the assaults, the time lapse between the assaults and the doctor's examination, and the abundance of inculpatory evidence, including two eyewitness accounts, we find beyond a reasonable doubt that admitting the doctor's testimony did not affect the outcome of the trial.

### III

The defendant also argues that there was insufficient evidence to convict him of each count of sexual assault. To succeed on a sufficiency claim, the defendant must show "that no rational trier of fact could have found guilt beyond a reasonable doubt, viewing the evidence in the light most favorable to the State." *State v. Silva*, 142 N.H. 269, 273, 699 A.2d 591, 594 (1997) (quotation omitted).

The defendant first contends that a rational jury could not have found the defendant guilty of felonious sexual assault because the evidence was insufficient to show that he touched the victim's vagina with his hand as charged in the indictment. *See* RSA 632-A:1, IV (1996); RSA 632-A:3, III. The victim never testified that the defendant touched her vagina. Rather, she indicated that he rubbed her with his hand below her belly button in the area of her "lower hip," on top of her pajamas, and demonstrated this area at trial by drawing a circle on the diagram of a female body. Her brother,

however, testified that he saw the defendant rubbing his sister "[b]etween [her] legs" with his hand. Moreover, while cross-examining the lieutenant who interviewed the victim and her brother shortly after the assaults, defense counsel inquired on two separate occasions:

[DEFENSE]: And then . . . [the brother] said that he saw [the defendant] rubbing [the victim] on her leg area and on her vagina?

[LIEUTENANT]: Yes.

. . . .

[DEFENSE]: And then [the victim] said to you — she said that he rubbed her vagina, but over her pajamas?

[LIEUTENANT]: Yes.

We conclude that this evidence provided sufficient support for the jury's verdict on the sexual contact count.

The defendant next contends that a rational jury could not have found the defendant guilty of aggravated felonious sexual assault charging him with fellatio. Fellatio is defined as "the practice of obtaining sexual satisfaction by oral stimulation of the penis." *State v. Melcher*, 140 N.H. 823, 826, 678 A.2d 146, 148 (1996) (quotation omitted). The victim testified that the defendant "pushed [her head] down to his penis" and made her "kiss it." She also indicated on diagrams of the male body that the defendant made her "kiss" him on his penis. Further, the victim stated that his penis was "up" during the episode and drew a picture of what his erect penis looked like. We conclude that the victim's testimony and illustrations provided sufficient support for the jury's verdict on the fellatio count.

The defendant finally contends that a rational jury could not have found the defendant guilty of aggravated felonious sexual assault charging him with cunnilingus. Cunnilingus is defined as the "stimulation of the vulva or clitoris with the lips or tongue." *State v. Zeta Chi Fraternity*, 142 N.H. 16, 23, 696 A.2d 530, 536, *cert. denied*, 118 S. Ct. 558 (1997) (quotation omitted). The victim testified that the defendant "licked [her] pee." She also pointed out on diagrams of a female body where the defendant "licked" her and denoted that the area she referred to as her "pee" was her vagina. We conclude that the victim's testimony and illustrations provided sufficient support for the jury's verdict on the cunnilingus count.

To support his claims of insufficiency, the defendant argues that the statements provided by the victim and her brother contained some internal inconsistencies and contradicted each other. The existence of any inconsistencies, however, was a factor for the jury to consider in deciding the appropriate weight to be accorded the children's testimony. *State v. Briere*, 138 N.H. 617, 622, 644 A.2d 551, 554 (1994). The jury is free to accept or reject any portion of a witness's testimony and to resolve any conflicts in testimony. *State v. LaRose*, 127 N.H. 146, 153, 497 A.2d 1224, 1231 (1985). Credibility determinations are within the sole province of the jury and will be upheld on appeal unless no rational trier of fact could have reached the same conclusion. *State v. Simpson*, 133 N.H. 704, 707, 582 A.2d 619, 621 (1990).

After a careful review of the record, we hold that all three counts were amply supported by the evidence presented at trial. Accordingly, we uphold the defendant's convictions.

*Affirmed.*

All concurred.