Grafton
No. 2000-025

THE STATE OF NEW HAMPSHIRE

v.

ALEXANDER R. COLE

December 27, 2001

*Philip T. McLaughlin,* attorney general (*N. William Delker,* senior assistant attorney general, on the brief, and *Malinda Lawrence,* assistant attorney general, orally), for the State.

*Richard E. Samdperil,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Alexander R. Cole, was convicted in Superior Court (*Smith,* J.) of one count of felonious sexual assault, *see* RSA 632-A:3, III (1996), and sentenced to an extended term of imprisonment pursuant to RSA 651:6, I(f) (1996). The defendant appeals the imposition of the extended term of imprisonment. We affirm.

The facts adduced at trial are set forth in *State v. Cole,* 142 N.H. 519 (1997). In summary, the defendant was indicted for felonious sexual assault on an eleven-year-old boy. *See* RSA 632-A:3, III. Prior to trial, the State notified the defendant that it might seek an enhanced sentence on account of the victim's age, pursuant to RSA 651:6, I(f). After a jury trial, the defendant was found guilty of felonious sexual assault and sentenced, pursuant to RSA 651:6, II(a) (1996), to not more than thirty years nor less than ten years at the New Hampshire State Prison.

On appeal, he argues that the trial court erroneously imposed an extended term of imprisonment, inconsistent with the plain meaning of RSA 651:6, I(f).

The extended term of imprisonment statute provides, in part:

I. If a court finds that a convicted person is 18 years of age or older, he may be sentenced according to paragraph II if the court also finds, and includes such findings in the record, that:

. . . .

(f) He has committed or attempted to commit any of the crimes defined in RSA 631 or 632-A against a person under 13 years of age;

RSA 651:6, I(f).

The defendant was convicted of engaging "in sexual contact with a person other than his legal spouse who is under 13 years of age," a class B felony under RSA 632-A:3, III. The defendant contends that but for the victim's age, the defendant's crime would be a misdemeanor under RSA 632-A:4 (1997). The defendant notes that the victim's age is both an element of the underlying offense and a required finding which must be made before the trial court may impose an extended term of imprisonment.

He argues that because RSA 651:6, I (1996) provides for an extended sentence "if the court also finds" certain attendant circumstances, the word "also" cannot reference an element originally found by the jury when it convicted him of the underlying offense. He asserts that imposition of the extended term of imprisonment statute would be permissible only when the circumstances which subject him to an extended term are not also an element of the underlying offense.

On questions of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Sullivan*, 144 N.H. 541, 543 (1999). When a statute's language is plain and unambiguous, we need not look beyond the statute for further indication of legislative intent. *State v. Comeau*, 142 N.H. 84, 86 (1997) (citation omitted). The defendant fails to comprehend the plain meaning of RSA 651:6, I(f). In order for a trial court to impose an extended term of imprisonment, it must first find that a defendant is eighteen years of age or older. *See* RSA 651:6, I. Once the trial court makes this finding, it may impose an extended term of imprisonment if it also finds any one of the ten circumstances listed in the statute. *See* RSA 651:6, I (a)-(j). A plain reading of the extended term statute clearly indicates that the word "also" refers to the mandatory minimum age of the defendant and not to the elements of the underlying offense.

The defendant has adapted a line of reasoning initially used in *State v. Hennessey*, 142 N.H. 149 (1997). In *Hennessey*, the defendant was convicted of aggravated felonious sexual assault, RSA 632-A:2, I(l) (1996), and sentenced under RSA 651:6, I(f), II(a). Among other things, the defendant challenged the imposition of the extended term statute, arguing its use violated "the protection against double jeopardy found in part I, article 16 of the New Hampshire Constitution because the victim's age had already been used to elevate the offense from a class B felony to a class A

felony." *Hennessey*, 142 N.H. at 162. In rejecting the defendant's argument, we found that RSA 651:6 merely provided "an *alternative* extended sentence . . . and not an additional offense and sentence based on a circumstance already used to elevate another offense." *Id.*

As in *Hennessey*, the defendant's crime is classified as a more serious offense because the victim was under thirteen years of age. *Compare* RSA 632-A:2, I(l) *with* RSA 632-A:3, II (*Hennessey*); *compare* RSA 632-A:3, III *with* RSA 632-A:4 (defendant). And, as in *Hennessey*, the defendant was sentenced pursuant to the extended term statute because his victim was under thirteen years of age. *See* RSA 651:6, I(f). The factual parallels are too strong to conclude other than that *Hennessey* is directly on point with the present matter and therefore controls its ultimate disposition.

*Affirmed.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred.